**E-FILED**
Tuesday, 18 December, 2007 10:25:09 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,                                  )
                                                 )
            Plaintiff/Petitioner,                )
                                                 )
    -V-                                          )
                                                 )
THOMAS MONAHAN, DARRELL SANDERS,                 )
DAVID KURFMAN, VICKI KOKAS,                      )
BRENDA WILTS, BRENDA M. LEONARD,                 )
ANDREW P. DUECKER, CLIFTON R.                    )
McCALLA, JAMES C. CLAYTON,                       )
TARRY WILLIAMS, SANDRA SIMPSON,                  )
DIANE DOBIER, JOE PROCTOR,                       )
AND VARIOUS OTHER DEFENDANT(S)                   )
THAT WILL BE NAMED UPON THE                      )
DISCOVERY OF THEIR IDENTITIES,                   )
                                                 )
            Defendant/Respondent(s).             )

Case No. _07-3324_

CIVIL RIGHTS COMPLAINT
Pursuant to 42, U.S.C. §1983
(State Detained Person)



FILED
DEC 1 7 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CIVIL RIGHTS COMPLAINT
## WITH A JURY DEMAND

This is a §1983 action filed by **Allen L. Moore**, a state detained person, alleging violation of his Constitutional Rights and he is seeking money damages, declaratory judgement, and **INJUNCTIVE RELIEF.**

### I. JURISDICTION

**A.** The jurisdiction of this Court is envoked pursuant to **28, U.S.C. §1331** as this action arises under the Constitution and Laws of the United States, and pursuant to **28, U.S.C. §1343 (a)(3)** as this action seeks redress for **Civil Rights Violation** under **42, U.S.C. §1983.**

**B.** Plaintiff's mailing address and/or registered number and place of confinement: Allen L. Moore, registered number #:864976, Illinois Department of Human Services, Treatment And Detention Facility, Rural Route #:1, P.O. Box #: 6-A, Rushville, Illinois 62681.

**C.** Defendant, **THOMAS MONAHAN,** was employed as **DIRECTOR OF THE TREATMENT AND DETENTION FACILITY.**

DEPT., OF HUMAN SERVICES,100 S. GRAND AVE., E. 3rd FLR.,SPRINGFIELD, ILL
            (Former Employers Name And Address)

D.   At the time the claim(s) alleged in this complaint arose, was the defendant(s) employed by the state, local or federal government?

**Yes (XX)          No ( )**

If your answer is "yes", briefly explain:

At all times relevent to the claims alleged in this complaint, the defendant as named in paragraph (**C**) was the Director of the Treatment And Detention Facility, which is a state of Illinois Facility within the Illinois Department of Human Services and thereby duly organized under and by virtue of the laws of the State of Illinois. This Defendant no longer holds that position at the Treatment And Detention Facility, because he relocated. This Defendant is hereby being sued in his individual and his personal capacity.

E.   Defendant, **DARRELL SANDERS**, was employed as **DIRECTOR OF SECURITY AT THE TREATMENT AND DETENTION FACILITY.**

**DEPT.,OF HUMAN SERVICES,100 S. GRAND AVE.E,3rd FLR.,SPRINGFIELD, ILL.**
(Former Employers Name And Address)

F.   At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

**Yes (XX)          No ( )**

If your answer is "yes", briefly explain:

At all times relevent to the claims alleged in this complaint, the defendant as named in paragraph (**E**) was the Director of Security at the Treatment And Detention Facility, a Facility within the Illinois Department of Human Services, thereby being duly organized under and by virtue of the laws of the State of Illinois. This defendant no longer holds that position at the Treatment And Detention Facility, because he relocated. This Defendant is hereby being sued in his individual and his personal capacity.

*page-2-of-18-*

G.    Using the outline of the form provided. Include the above information for any additional defendants'

H.    The below named defendant(s) at all times relavent to the claims that are alleged in this complaint, were and are currently employed at the Treatment And Detention Facility, a State of Illinois Facility, within the Illinois Department of Human Services, thus being duly organized under and by virtue of the laws of the State of Illinois. The said Facility in which the claims alleged herein arose, was at this current address, Illinois Department of Human Services, Treatment And Detention Facility, Rural Route # 1, Box 6-A, Rushville, Illinois 62681. Thses named defendant's are hereby being sued in their individual and their personal capacity.

1.    **DAVID KURFMAN**, at all times relavent to the claims that are alleged in this complaint, was an Executive IV, with the rank and titled of Captain, at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

2.    **VICKI KOKAS,** at all times relavent to the claims that are alleged in this complaint, was an Executive IV, with the rank and title of Captain at the Treatment And Detention Facility. She is hereby being sued in her individual and her personal capacity.

3.    **BRENDA WILTS,** at all times relavent to the claims that are alleged in this complaint, was a Security Therapist Aid II (STA) with the rank and title of Sargeant. She is hereby being sued in her individual and her personal capacity.

4.    **BRENDA M. LEONARD,** at all times relavent to the claims that are alleged in this complaint, was a Security Therapist Aid ("STA") with no other title or rank, at the Treatment And Detention Facility, She is hereby being sued in her individual and her personal capacity.

5.    **ANDREW P. DUECKER,** at all times relavent to the claims alleged in this complaint, was a Security Therapist Aid II ("STA"), with the rank and title of Sargeant at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

6.    **CLIFTON R. McCALLA,** at all times relavent to the claims alleged in this complaint, was an Executive I𝑉, with the rank and title of Captain at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

7.    **JAMES C. CLAYTON,** at all times relavent to the claims alleged in this complaint, was and remains the " Investigator ", with no other rank or title at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

8.    **TARRY WILLIAMS,** at all times relavent to the claims alleged in this complaint, was and remains an Executive I𝑉, with the rank and title of Captain at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

9.    **SANDRA SIMPSON,** at all times relavent to the claims alleged in this complaint, was and remains Grievance Examinor, with no other rank or title at the Treatment And Detention Facility. She is hereby being sued in her individual and her personal capacity.

I.    The aboved named defendant's named in paragraph **(H)**, at this time remains employee's of the Treatment And Detention Facility, with the above stated ranks and title's.

J.    The below named defendant(s). is employed by private contractors, in the employment of the Illinois Department of Human Services, which is a State of Illinois agency, duly organized and by virtue of the laws of the State of Illinois, **DIANE DOBIER**, and **JOE PROCTOR**, are all hereby being sued in there individual and their personal capacity. Their employers name and address is: Liberty Health Care Corporation, Illinois Department of Human Services, 100 S. Grand Ave., E., 3rd Floor, Springfield, Illinois.

## II. PREVIOUS LAWSUITS

A.  Have you begun any other lawsuits in State or Federal Court related to your confinement and/or your detention? **Yes (XX)  No ( ).**

B.  If your answer to "A" is "yes", describe the lawsuits in the space below. (If there is more than (1) lawsuit, you must describe the additional lawsuits on an additional sheet of paper, using the same outline.) Failure to comply with this provision may result in the summary dismissal of your complaint.

C.  Name of Case and docket number:  Allen L. Moore  -V- Thomas Monahan, et al.,    06 C 6088.

D.  Approximate date of filing lawsuit:  November 22,2006.

E.  List all plaintiff's (if you had co-plaintiffs), including any aliases:  There is none.

F.  List all defendants: THOMAS MONAHAN, DARRELL SANDERS, TARRY WILLIAMS, BERNARD M. AKPAN, JACK GRAHAM, LESLIE HOGAN, SHAWNDO CLEVELAND, TONY HUMPHREY, TIMOTHY BURNETTE, STEVE STROCK, TAMMY CHASTEEN, NATHAL THOMPSON, LEA CHANKIN, SHAN JUMPER, LIBERTY HEALTH CARE CORP., CAROL VANCE.

G.  Court in which the lawsuit was filed (if Federal court, name the district; if State court, name the county): United States District Court for the Northern District of Illinois, Eastern Division.

H.  Name of judge to whom case was assigned: Honorable Jugde AMY J. ST. EVE.

I.  Basic claim made:  Excessive force, unconstitutional conditions of confinement, Fraudulent reports.

H.  Disposition of this case(for example: Was the case dismissed? Was it appealed? Is it still pending?):    The case is still pending

H.  Approximate date of disposition:   I dont know.

### III. GRIEVANE PROCEDURE

A.     Is there a grievance procedure in the institution?

               **Yes    (XX)        No    (    )**

B.     Did you present the facts relating to your complaint in the
       institutional grievance procedure?

               **Yes    (XX)        No    (    )**

C.     Attach copies of your request for administrative remedy and
       the response that you received. If you can not do so explain
       why not. The issues presented in this complaint are issues
       that are none grievable, as plaintiff claims alleges unpro-
       voked excessive force while he was a pre-trial detained pe-
       rson in violation of his United States Constitutional Four-
       teenth Amendment Rights. However, plaintiff submitted a gri-
       evance form nearly one month after the alleged unprovoked
       excessive force attack upon him. This Grievance is annexed
       to this complaint as **Exhibit A.**

### IV. STATEMENT OF CLAIMS

       The facts necessary to an understanding of the issues that
are presented by plaintiff in this civil complaint are set fourth:

### COUNT I.

A.    Plaintiff, Allen L. Moore, aver that on/or about the date of
July 12,2005., was transferred frm the Illinois Department of Correc-
tions, after he was mandatory supervised released, plaintiff aver
that he was transferred to the Illinois Department of Human Services,
Treatment And Detention Facility as a pre-trial detained person, being
detained under and by virtue of Illinois Sexually Violent Persons
Commitment Act, **725 ILCS 207/1 ( Hereinafter the "Act")**. Plaintiff aver
that on the date of December 27,2005, he was transferred back to the
Illinois Department of Corrections for alleged rule violations while
a pre-trial detained person at the Treatment And Detention Facility,
Illinois Department of Human Services, which at that time was located
at Joliet, Illinois. Plaintiff aver that he was transferred back to

the custody of the Illinios Department of Human Services, Treatment
And Detention facility, after he discharged from his prison sentence
on the date of October 4,2006. Plaintiff aver that from the date of
October 4,2006., until this present time he remained as in accordance
with the Sexually Violent Persons Commitment Act, a pre-trial detained
person, On the date of January 5,2007., at approximately 3:35 p.m.
that day, the defendant Brenda M. Leonard, came to plaintiff while
he was on the North Central recreational yard, and told him to turn
his radio, plaintiff complied with defendant Leonard's order and
turn his radio down, he made further adjustment's and picked his
radio up and moved to the back of the recreational yard, when pla-
intiff turned around he notice that defendant Leonard had followed him
to the back of the recreational yard, when he began listening to
his radio in the back of the yard, defendant Brenda M. Leonard
approched plaintiff and asked him did he want her to call someone,
plaintiff replied to defendant Leonard, yes he wanted her to call
someone, because he felt that she was harassing him, defendant
Brenda M. Leonard then called defendant David Kurfman to the North
Central yard, then she called a disturbance emergency call on her
radio, defendant's who first responded by running out to the North
Central recreational yard where, Executive IV Vicki Kokas, Securi-
ty Therapist Aid (STAII) Sargeant Brenda Wilts, and Security Ther-
apist Aid (STAII) Sargeant Andrew P. Duecker, these defendant's
asked defendant Brenda Leonard where was the disturbance, defen-
dant Leonard told these defendant's that the plaintiff would not
turn down the volume to his radio, defendant Wilts asked the plai-
ntiff why did'nt he turn down his radio when defendant Brenda M.
Leonard ordered him to, plaintiff then told defendant Brenda Wilts
that he complied with defendant Brenda M. Leonard's order to turn
down his radio in the front of the recreational yard, and that
defendant Leonard followed him to the back of the yard only to
harass him. Defendant Kokas, Wilts, Duecker and Leonard walked
away from the plaintiff and talked among themselves, plaintiff
stood with his back against the wall with both his hands down his
sides, he was not posing any kind of threat to himself, staff or

other resident's who where out on the North Central recreational
yard, at that time defendant's David Kurfman who is an Executive
I𝖵 and Clifton R. McCalla who is an Executive I𝖵, came running
out to the North Central recreational yard.

    B.    Plaintiff aver on this same date of January 5,2007.,
once defendant's Kurfman and McCalla ran out to the North Central
recreational yard, defendant McCalla stood near the center of the
basket ball court observing myself other resident's who where
standing around me, and the defendant's named herein. Defendant
David Kurfman was meet by defendant Brenda Leonard, the two defen-
dant's talked while they quickly approached me, defendant David
Kurfman had a pair of hand cuff's in his hand, and approched the
plaintiff in a very intimidating manner, defendant Kurfman told
the plaintiff, " you want to listen to that jungle music, go back
to Africa", now turn your black ass around and cuff up," I told
defendant David Kurfman that that was inappropriate language and
that I was offended, defendant Brenda M. Leonard was standing there
when defendant David Kurfman made these racist statement to plai-
ntiff, so was approximately five other resident's and pre-trial
detainee's, defendant Kurfman then pulled from his waste band a
bottle of pepper mace, defendant's Vicki Kokas, Brenda Wilts and
Andrew P. Duecker along with defendant Brenda M. Leonard surrounded
the plaintiff, at the same time defendant Clifton R. McCalla told
all residents and pre-trial detained persons to leave the recrea-
tional yard, plaintiff was then sprayed directly in his face with
the pepper mace, plaintiff could not breath , all of the defendant's
named in the exception of defendant Clifton R. McCalla grabed and
held him so that defendant David Kurfman could strike plaintiff
in the face, plaintiff vision was blurred *as he fell down*
to the ground, he saw defendant Brenda Wilts hold him up and defen-
dant David Kurfman punched plaintiff several times in the face and
his head, plaintiff felt other staff punching him also, the plain-
tiff screamed out in pain, he called for help, There was no one to
help   him, once he was on the ground he was punched several more
times by the defendant's, defendant Clifton R. McCalla could have
stop this brutal and physical attack upon the plaintiff but
he failed to intervene, defendant McCalla had the authority to

stop this physical and brutal assualt by the defendant's upon
the plaintiff, because he is ranked as an Executive IV, plaintiff
aver that he did not provoke this attack upon himself, he was
not a threat to himself, staff or anyone else that where out
on the North Central recreational yard, this attack that was
inflicted upon him was motivated based on race and his choice
of music, plaintiff aver that he is not a prisoner, that he has
fully and completely served out his prison sentence in the Ill-
inois Department of Corrections on the date of October 4,2006,
and that the Act in which he's held under is the Illinois Sexu-
ally Violent Persons Commitment Act, and that said Act is civil
and not criminal, plaintiff is a pre-trial detainee and can-not
be punished, plaintiff violated no rules or regulations of the
Treatment And Detention Facility by listening to his radio on the
recreational yard. Plaintiff aver that he was hand cuffed behind
his back and taken to a location in side the building following
the physical and brutal assault and attack, he was blinded com-
pletely at this time from the pepper mace, plaintiff aver that
the image's of this brutal and physical attack was recorded by
the North Central yard three (3) camera moniter's.

     **B.**    Plaintiff aver that on the same date of January 5,2007.,
after he was hand cuffed behind his back, he was taken somewhere
within the Treatment and Detention Facility, plaintiff could not
see at all at this time, because of the pepper mace that was sprayed
into his eyes, the defendant's put hot water in his face and eyes,
plaintiff screamed outin agony,the defendant's Vicki Kokas and
Brenda Wilts laughed and put more hot water in the plaintiff face
as the other defendant's held him where he was unable to move, he
began to plead with defendant's Kokas and Wilts to stop because be
could not breath and it was painful, these defendants kept laughing
at the plaintiff, he then heard defendant Vicki Kokas say he's
crying like a little girl, he's not man, defendant Clifton R.
McCalla told defendants Kokas and Wilts that's enough, lets take
him to Health Care. Plaintiff was taken to the Health Care unit.

## COUNT II.

A.    Plaintiff aver that after he was assaulted by the defendant's as named in Count I., of this complaint he was denied medical care for his injuries, plaintiff aver that he told the nurse's in the Health Care unit that he had trouble breathing, his head hurted, his face felt as if his face was on fire, his back and neck hurted, and he could not feel his finger tips, and that plaintiff could not see, plaintiff can-not identify these two nurses at this time because he was blinded by the pepper mace, and his face was inflamed by the hot water defendants Kokas and Wilts put in his face. The unidentified nurse placed a device around the plaintiff's arm to check his breathing, the nurse then stated to defendant's who assaulted me, " He's not breathing," and shouted in the plaintiff's ear, " Breath," as if he was stop-ping himself from breathing. The other nurse who will be named upon the discovery of her identity in this complaint, stated that the Heath Care unit does not have an eye wash dispenser, so my face and eyes can-not be rinsed out., the unknown nurse gave the defendant's a wet cloth and told defendant's that they could do what ever they wanted, because this nurse said she could not help the plaintiff, none of his injuries where looked at by these nurse's, and he still could not breath properly, as the defendant's escorted the plaintiff off to the facilities special management unit, plaintiff asked if photo's could be taken of his injuries, the defendant's and unidentified nurse's denied his request.

## COUNT III.

A.    Plaintiff aver that he was taken to the facilities special management unit, and was locked in the cell while he still was blinded from the pepper mace, he only had the clothing that he had on, and the wash cloth that the nurses gave defendants, He was left to take care of himself, plaintiff aver that when he turned on the water in the cell, only warm water came out, he shouted for security staff, and defendant Vicki KoKas and Wilts arrived, plai-ntiff told them he was unable to get cold water from the sink to apply to his face and eyes, so that he can see, these defendants

told the plaintiff, that they could not help him. Plaintiff aver
that he was not even permitted to take a shower to wash the
chemicals from his face, eyes and body or a clean change of clothing.
Once the plaintiff was able to open his eyes, he noticed that he
had no sheets or clean mattress in that cell, which was cell#12
Special Management # 3 unit, plaintiff aver that his assigned cell in
the general population was Delta #3½ cell # 7, where his cosmetic
items, clothing, clean bedding, clean mattress, television, radio
and all of his other personal property was. Plaintiff was notified
that he was not allowed to have anything in his cell # 12 on the
special management unit, while on secure special management lock-
up, plaintiff aver that defendant Clifton R. McCalla told him this,
defendant McCalla also stated that plaintiff could not have toilet
tissue, soap, toothpaste, toothbrush, towels, a change of outer
wear or underwear, pen, pencil or paper while on special management
status, there are no electricity outlets in the special manage-
ment cells. Plaintiff was locked in this cell for two weeks, no one
came to talk to him or anything, for those two weeks plaintiff itched
and his skin became very irritated as a result of the pepper mace
not being washed off properly, such as a shower, plaintiff's face
was burned very badly from the hot water that was put in his face,
he had bumps and bruises in his face from the punching and beating
that was inflicted upon him by the defendants.

## COUNT  IV.

A.    Plaintiff aver that on the same date of January 5,2007.,
at approximately 8:00 p.m., he was taken to the Treatment And Det-
ention facilities, Investigator's office, Investigator James C.
Clayton  defendant, and Executive IV Tarry Williams defendant, asked
the plaintiff a series of questions concerning the unprovoked bru-
tal assault and attack inflicted upon the plaintiff, plaintiff told
these two defendants what happened on the North Central recreational
yard, and how he was brutally and physically attacked, he asked these
two defendants Clayton and Williams to take photo's and measure-
ments of plaintiff's injuries, his request was denied, he asked that
resident witnesses be called who where out on the North Central
yard, these request by plaintiff was denied, instead defendants

James C. Clayton and defendant Tarry Williams assisted the defen-
dants who physically assauted the plaintiff in covering up the
assault in framing plaintiff with fruadulant incident repots and
Behavior Committee report's against him, these defendants reviewed
the North Central yard (3) camera monitors, and observed the
defendants named in Count I., violently and physically assaulting
the plaintiff on the North Central recreational yard. Plaintiff
aver that defendant Tarry Williams is named as a defendant in a
prior §1983 civil right's complaint as named on II. Previous law-
suts, paragraph F., defendant Tarry Williams made fraudulant re-
ports against plaintiff, as a cover up for his and other defendants
physically and brutally attack upon the plaintiff.

### COUNT V.

A.    Plaintiff aver that defendant's Diane Dobier and Joe Proctor
are employed by a private company to provide sex offenders treatment
to persons civilly committed as sexually violent persons. These two
defendants are employed by Liberty Health Care Corp., and in turn are
employed by the Illinois Department of Human Services; defendant's
Diane Dobier and Joe Proctor convened a Behavior Committee meeting,
along with an unknown Executive IV, who will be named upon the dis-
covery of his or her identity. on the date of January 8,2007., re-
garding an allege rule infraction by the plaintiff on the North
Central recreational yard on the date of January 5,2007., a hearing was
held plaintiff never received a written notice of the charges aga-
inst him, defendants Diane Dobier and Joe Proctor asked him did
he want to waive his written 24 hour notice, plaintiff told defen-
dants he did not what to waive his (24 hour) notice of charge's
written against him, he told these defendant's that he had a right
to a notice of charges describing the conduct he is accused of so
that plaintiff could marshal the facts and present a defense at
the behavior committee meeting, defendant's Diane Dobier and Joe
Proctor told the plaintiff, "Since you don't want to waive your
24 hour notice, you will be locked in your cell. Plaintiff aver
that on that same date of January 8,2007, after he was locked
back in his cell on the special management unit, Security Thera-
pist Aid (STA II) R. Kerr gave the plaintiff his (24 hour) be-

committee notice, he signed the notice to verify that he was issued
a copy of the notice. Plaintiff aver that he was taken back to the
Behavior Committee on the date of January 9,2007., defendant Joe
Proctor and two other defendants that will be named in an amended
complaint upon the discovery of their identities, where conducting
the Behavior Committee hearing, at this hearing plaintiff notified
this Behavior Committee that the notice that he was issued does not
point out the rule that plaintiff is alleged to have violated, or
which employee wrote the report against him, plaintiff was told
that the Behavior Committee in Rushville TDF, will determine the
rule infraction based on the plaintiff's statement's to the comm-
ittee, he began to explain what accured on the North Central recr-
eational yard, how he was brutally and physically assaulted, he
requested for the Behavior Committee member's to review the three
(3) North Central Camera monitors, he also requested that several
witnesses be called to testify to what they witnessed on the North
Central yard, plaintiff request was denied by the Behavior Commi-
ttee. Plaintiff aver that on the date of January 10,2007., he
again was taken before the Behavior Committee concerning the beha-
vior committee  determining should they allow the plaintiff out-
side his lock down cell, later the same day he was notified that
he was found in violation of a major rule violation, " Dangerous
Disturbance", he was given as punishment ( 30 days) close super-
vision, meaning that he has to live in the Special Management unit,
 on unit restriction, plaintiff was not permitted to go outside,
for approximately " 42 days " plaintiff was deprived of all of his
personal property that is in his cell in the general population.
see Behavior Committee report and Behavior Committee meeting re-
view and initial attached to this complaint.

## COUNT  VI.

A.    Plaintiff aver that defendant's Thomas Monahan, Darrell
Sanders and Sandra Simpson all had direct knowledge that the plaintiff
was being held in the special management unit for a rule violation that
he did not commit, plaintiff sent a grievance form to grievance exam-
inor and defendant Sandra Simpson and she turned a blind eye by not
writing any response to his grievance, defendant Sandra Simpson could

have reviewed the three (3) camera monitor's on the North Central
yard, and determined the truthfulness of plaintiff's grievance, but
defendant Simpson did not what to perform her duties to investigate
plaintiff's claims, defendant Thomas Monahan turned a blind eye to
defendant's named in Count I., brutally and physically assaulting
the plaintiff, defendant Thomas Monahan was the Director of the
Illinois Department of Human Services, Treatment And Detention, this
defendant denied the plaintiff's grievance without any response
to plaintiff's allegations of the unprovoked attack inflicted upon
him on the North Central yard by his subordinate employee security
staff, defendant Monahan also blocked the plaintiff from appealing
his grievance to the Program Administrator, defendant Thomas Monahan
had the power to release the plaintiff from the special management
unit, yet he failed to do so. Plaintiff aver that defendant Darrell
Sanders had direct knowledge of plaintiff being physically and bru-
tally assaulted on the north central recreational yard, defendant
Darrell Sanders was the Director of Security of the Illinois Depart-
ment of Human Services, Treatment And Detention Facility, this
defendant reviewed the north central yard camera monitor's, and
observe plaintiff being savagely attacked by defendant's named in
Count I., of this complaint, defendant Darrell Sanders turned a
blind eye, this defendant could have released the plaintiff from
the special management lock down unit, yet defendant Sanders helped
defendants cover this attack up by up holding the false charges, as
defendant Thomas Monahan had done. see grievance attached as Exhibit
A.

## VII. <u>RELIEF</u>

**A.**   Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by defendant's David Kurfman,
Vicki Kokas, Brenda Wilts, Brenda M. Leonard, and Andrew P. Duecker,
violated the plaintiff's Right's protected by the 14th., Amendment of
the United States Constitution, Due Process Clause, and the 8th., Amend-
ment of the United States Constitution prohibition against Cruel and
unusual punishment, and constituted an assault and battery under State
law and thus a violation of Illinois State Constitution.

2.    Defendant Clifton R. McCalla failure to intervene and curb
the defendant's from physically abusing the plaintiff, when he was
present on the north central yard before and after, violated the
plaintiff's 14th., Amendment Constitutional Rights to Due Process
of Law, and the plaintiff's 8th., Amendment United States Constitu-
tional Rights which prohibits cruel and unusual punishment and Ill-
inois State Constitutional Rights of same.

3.    The physical abuse of plaintiff who was on the recreational
yard listening to his music, and not violatiing any facility rule or
policy for doing such, he did not pose a threat to himself staff or
any other person, for the sole reason that defendant's did not like
his choice of music and his race, in which he turned down his music
and retreated to the back of the facilities recreational yard, and
he was followed by defendant Brenda M. Leonard to harass him because
he listened to music she did not like and because of plaintiff's race,
violated the plaintiff's 14th., Amendment United States Constitutional
Right's to Due process of Law, where there exist no rule or regulation
that prohibited plaintiff from listening to his radio at any volume on
the recreational yard, that allowed the defendant's to abuse him for
the sole purpose of his race, constituted an assault, Hate Crime and
aggravated battery under Illinois State law.

4.    Defendant's action's of placing plaintiff in a cell in the
special management unit without any sheets, clean mattress, toliet tissue,
under cloths, clean outer wear, tooth brush, tooth paste, television,
radio, books, pen, pencil, paper and his other personal property,
violated the plaintiff's 14th., Amendment to the United States Consti-
tution, and plaintiff's 8th., Amendment of the United States Constitu-
tion prohibition against Cruel and unusual punishment.

5.    Defendant's actions in failing to provide adequante medical care
for the plaintiff violated and continue to violate, the plaintiff's
Right's under the 8th., Amendment to the United States Constitution,
which is incorporated within the 14th., Amendment Due Process Clause.

B.    Issue an injunctive ordering defendants and there agents acting in their behalf:

1.    Immediately arrange for the plaintiff to be examined, by a qualified nuerologist physician.

2.    Immediately arrange for the plaintiff to be evaluated by a medical practitioner with the expertise in treatment and restoration of head, wrist, neck and back injury.

3.    Carry out without delay the treatment directed by such medical practitioner.

4.    Issue an injunctive ordering defendant's Diane Dobier and Joe Proctor  or the corporation that they are employed by:

C.    1. Expunge the disciplinary and/or behavior reports discribed in this complaint from the plaintiff's facility records.

D.   Award compensatory damages in the following amounts:

1.    $200.000 jointly and severally against defendants David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M. Leonard, and Andrew P. Duecker for the physical and emotional injuries sustained as a result of the plaintiff's beating.

2.    $100.000 against the defendant Clifton R. McCalla for not intervening and curbing the physical assault by defendants.

3.    $65.000 jointly and severally against the defendant's Thomas Monahan, Darrell Sanders and Sandra Simpson for ignoring plaintiff's grievance complaint, and neglecting their duty to invetigate plaintiff's illegal confinement to the special management unit.

4.    200.000 jointly and severally against the defendant's James C. Clayton and defendant Tarry Williams for their participation in covering up the plaintiff's beating and not calling witnesses.

6. 20.000 jointly and severally against the defendant's Diane Dobier and Joe Proctor for not giving plaintiff a notice of the rule he was alleged to have violated, not calling his witnesses, and covering up for the beating of plaintiff by finding him to be guilty.

7. 50.000 jointly and severally against two defendant's who are nurse's, who identities are unknown to plaintiff at this time, but will be named upon the discovery of their identities for the denial of adequate medical care.

8. 20.000 jointly and severally against two defendant's who where members of the behavior committee, who identities are unknown to plaintiff at this time, but will be named upon the discovery of their identities, these defendant's did not give plaintiff a notice of charge or rule he was alleged to have violated, not calling his witnesses, and covering up for the beating of plaintiff by finding him to be guilty.

E. Award punitive damages in the following amounts:

1. $20.000 each against defendant's David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M. Leonard for the beating.

2. $5.000 each against defendant's who are nurse's, who are not named at this time, but will be upon the discovery of their identities for the denial of adequate medical care.

3. $10.000 each against the defendant's Dobier, Joe Proctor and two other defendant's who where members of the Behavior Committee, and who will be named upon the discovery of their identities for fraudulently finding the plaintiff in violation or guilty in violation of due process of law, and punishing the plaintiff.

4. $5.000 each against defendants Thomas Monahan, Darrell Sanders and Sandra Simpson for condoning plaintiff's due process constitutional rights violation, for keeping him in

Secure Special management lock down, and not investigating
the beating and turned a blind eye to cover up for defendants
who beat the plaintiff. And denial of his grievance without a
response to plaintiff's claims.

5.  $10.000 each against defendant's James C. Clayton and Tarry
    Williams their cover up in fasifying reports to place the
    plaintiff at fault and cover up for defendants who beat him.

**F. Grant** such other relief as it may appear that plaintiff is entitled.

(Date) _12-1-07_

Respectfully Submitted By:

_Allen L. Moore_
Allen L. Moore, Pro-Se litigant
Illinois Department of Human Services
Treatment And Detention Facility
R.R. # 1, Box 6-A
Rushville, Illinois 62681

This procedure has been self
notarized under the penalty of
perjury in accordance with Title
28 U.S.C.A. §1746, §1621. This
_1st_ day of _December_ ,2007.
With my right finger thumb print
I hereby mark as my signature.

 

ATTACHED EXHIBITS IN SUPPORT THEREOF



**DHS**

State of Illinois
Department of Human Services
**TDF RESIDENT GRIEVANCE**

*Exhibit A*

| Name of Resident: Allen L. Moore | ID# 864976 | Date of Incident Occurrence: 1-5-07 |
|---|---|---|

Date Received by Administration:
*02 06 07 1:50*

Grievance #: **02 07 GR 0119**

### Nature of Grievance

☐ Personal Property  ☒ Staff Conduct (Attempt to Resolve)  ☐ Mail Handling  ☐ Meals  ☐ Medical  ☒ Other (specify): *Physically assaulted by staff*

☐ Disciplinary Report:  Date of Report_____  (Attach copy of Notice of Appearance Before The Behavior Committee and Behavior Committee Decision, then forward to the Grievance Examiner.)

Use only this form to give a BRIEF Summary of Grievance: *Complaint is being submitted on a brutal physical assault that occured on me by Capt. Kurtzman, and other employees on 1-5-07 on the Northcentral yard at approx 3.35 am. and the yards two (2) camera moniters captured the brutal and physical assault that was inflicted upon me by Capt. Kurtzman, Capt. Kokas, Sgt. Wilts, Sgt. Deucker and STA I. Lennard. While on the north central yard, I was asked by STA I Lennard to turn down my radio in the front of the north central yard, I turned the radio down, And made additional steps to avoid this STA. Lennard by removing my radio and all of my personal property from the front of the yard and to the very end of the yard, North Central cameras recorded this, STA Lennard followed me to the end of the yard, and asked me "did she want her to call someone" I told her yes, And STA Lennard called on her department issued radio to all STA II and Captains that available. Capt. Kokas, Sgt. Wilts, and Sgt. Deucker came to the yard first, Sgt. Wilts questioned me as to why didn't I turned the radio down, I told Sgt. Wilts, that I turned the radio down and made additional steps to avoid STA Lennard, by moving the radio and all my personal belongings to the very end of the yard, And that STA Lennard followed me to harrass me. Sgt. Wilts, then went over to talk with Capt. Kokas, Sgt. Deucker and STA Lennard, At that time Capt. McCalla and Capt. Kurtzman, name out to the yard, Capt. Kurtzman, walked up to me with hand cuffs in his hand in a intimidating manner, demanded that I cuffed up with out first talking with the above named staff who already was addressing the matter, And sprayed me in my face with pepper mace, And while blinded staff began to brutally assault me physically, And I was placed in special Management for 30 days.*

Relief Requested: *Since their is no facility rule or regulation that prohibits pre-trial detained persons from listening to their radio's at any volume on the facilities yard, I want this behavior Committee report of Dangerous Disturbance expunged from all records.*

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Resident Signature: *Allen L. Moore* | Date: *2-2-07* |
|---|---|

IL462-5001 (R-4-04)                    Distribution: Master File; Resident



**DEPARTMENT OF
HUMAN SERVICES**

**TREATMENT AND
DETENTION FACILITY**

### NOTICE OF APPEARANCE BEFORE THE BEHAVIOR COMMITTEE

**Resident:**  Moore, Allen                    **DHS#**   864976

**Date and Time of Incident:**  1-5-07      Approximately 3:40pm

**Nature of Incident/Potential Rule Violation:** <u>On the above date and time resident Moore
failed to follow a direct order from staff to turn down his radio, he became hostile and
defiant toward staff and made moves to physically harm staff.</u>

This notice is to inform you that the Behavior Committee will be meeting to review the incident
mentioned above.  This meeting is scheduled to occur on **1-9-07**or later, between the hours of
**10:00 AM** and **12:00 PM**.

You will be contacted by security staff during this time frame.  You will be asked if you wish to
appear before the Behavior Committee.  Attendance at a Behavior Committee meeting is
optional.  If you do plan to attend, please be prepared to appear when called to do so.  You may
present written documentation (i.e.: your own account of incident,  witness statements, etc.)  and
discuss the circumstances surrounding this incident.  Upon determination that a resident has
violated a rule, the Behavior Committee shall determine appropriate management status,
determine appropriate treatment recommendations, impose behavioral restrictions or any
combination thereof.

My signature below indicates that I have received notification of my scheduled appearance before
the Behavior Committee.

_____            _____
Resident Signature                                          Date   1-8-07

_____            _____
Staff Signature                                                 Date   1-8-07

Date Notified: 1-8-07                    Time Notified: 11-30

**ILLINOIS DEPARTMENT OF HUMAN SERVICES**
**TREATMENT & DETENTION FACILITY**

# BEHAVIOR COMMITTEE MEETING
# REVIEW

NAME: Moore, Allen    DHS#: 864976    DATE OF REVIEW: 1/16/07

DATE OF ADMISSION: 7-12-05    MANAGEMENT STATUS: Temp Special (General)    PRIMARY THERAPIST: Proctor

Rule Violation: Pending further information    Date of Violation: 1-5-07

Description of Behavior since last: Resident received meals, snacks and took shower and day room time, no problems

Resident Addressed Behavior Committee: Yes/No (circle one, if not explain): _____

Resident Comments: _Im clow gin O - Imol, all at my command yesterday_

Behavioral History for the past six months: 1-9-07 Continued pending investigation (Removed from TS to Secure Management); 1-8-07 Trading & Trafficking - Minor; 10-24-06 Disobeying Direct Order - Minor;

Treatment Recommendation (if none, reason): _Proceed - Primary Therapist._

Committee Decision: _Rule Violation: Dangerous Behavior - Major Rule violation - Place on Close Supervision Unit. Referred for Psy Eval - Resident has acknowledged not following staff requested order to handcuff + Review of Internal Investigation and Review of multiple incident reports support change._

SIGNATURES: _[signatures]_    & TITLES: _Team Leader_
_Team Leader_
_SrH IV_

DATE OF REVIEW: _N/A_

cc: Master File, Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director, Security Director, Secure Management Log, Unit Director, Team Leader, Vocational Director Resident and AOD

ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT & DETENTION FACILITY

## BEHAVIOR COMMITTEE MEETING
## INITIAL

NAME: __Moore, Allen__    DHS#: __864976__    DATE OF INITIAL MEETING: __1/8/07__

DATE OF ADMISSION: __7-12-05__    MANAGEMENT STATUS: Temp Secure (General)    PRIMARY THERAPIST: __Proctor__

Date Of Event: (1) 12-28-06    Approximately 12:20pm    (2) 1-5-07 At Approximately 3:40pm

**Description Of Event:** (1) On the above date and approximate time, resident Moore was passing tobacco and papers to another resident.

(2) On the above date and time resident Moore failed to follow a direct order from staff to turn down his radio, he became hostile and defiant toward staff and made moves to physically harm staff.

Resident Addressed Behavior Committee: Yes/No    Received 24 hour notification: Yes/No    Waived notification Yes/No/NA

Resident Comments: 1. Roger doesn't smoke — I was just leaning over to shake his hand.

2. Resident declined to talk about 2nd incident because he did not receive 24 hr. notice. He will return tomorrow.

**Behavioral History for the past six month:** no prior behavior incidents in the past six months

**Determination Of Rule Violation:** Trading & Trafficing — minor

**Treatment Recommendation (if none, reason):** Resident to discuss appropriateness of behavior with Primary Therapist

**Committee Decision:** Minor Violation no change in status

SIGNATURES: _____    TITLES: Team Leader

_____    Staff

Jw Proctor PsyD    Team Leader

DATE OF REVIEW: _____ 1/9/07

cc: Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director; Security Director, Secure Management Log, Unit Directors, Vocational Director, Administrator On Duty and Resident

ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT & DETENTION FACILITY

## BEHAVIOR COMMITTEE MEETING
## INITIAL

NAME: _Moore, Allen_        DHS#: _864976_        ATE OF INITIAL MEETING: _1/9/07_

DATE OF ADMISSION: _7-12-05_    MANAGEMENT STATUS: _Temp Secure (General)_    PRIMARY THERAPIST: _Proctor_

Date Of Event: _1-5-07 At Approximately 3:40pm_

Description Of Event: _On the above date and time resident Moore failed to follow a direct order from staff to turn down his radio, he became hostile and defiant toward staff and made moves to physically harm staff._

Resident Addressed Behavior Committee: Yes/No   Received 24 hour notification  Yes/No.  Waived notification Yes/No/(NA)

Resident Comments: _"No I was I was on the yard — staff asked me to turn down my radio. I moved to the edge of the yard and turned it down further together — the man told me "cuff up" and I asked ys again he walked and said "turn why I had to cuff up._

Behavioral History for the past six month: _1-8-07 Trading & Trafficking - Minor_

Determination Of Rule Violation: _Continued = pending Review of staff Report and investigation._

Treatment Recommendation (if none, reason): _Forever in primary therapist._

Committee Decision: _Determination of RV. violation was continued pending Review of staff report and investigation. Resident Moore addressed Behavior committee and his MSE was stable — is being from Temporary Secure management to secure management status on special management unit._

SIGNATURES: _[signature]_        TITLES: _Team Leader_
_[signature]_                              _STAFF_
_[signature] W Proctor PhD_                 _Team Leader_

DATE OF REVIEW: _1/11/07_

cc: Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director; Security Director, Secure Management Log, Unit Directors, Vocational Director, Administrator On Duty and Resident