IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,                 )
                                )
        Plaintiff,              )   Case No. C̲B̲N̲T̲3̲3̲2̲4̲
                                )
    v.                          )   Hon. Judge. HAROLD A. BAKER
                                )
THOMAS MONAHAN, et al.,         )   Presiding.
                                )
        Defendant(s).           )
                                )

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL

STATEMENT OF CASE

This is a civil right's case filed under 42 U.S.C.A. §1983 by a pre-trial detained person and asserting claims for the unconstitutional excessive force used on him, discrimination based on race, denial of medical care, inhumane conditions of confinement, and denial of procedural due process violations in relation to disciplinary hearing. The Plaintiff seek's damages as to all claims and an injunction to ensure proper safety and protection from violent physical attacks inflicted upon the Plaintiff by the authorities of the Illinois Department of Human Services/Treatment And Dentention Facility.

STATEMENT OF FACTS

The complaint alleges that the Plaintiff was physically attacked by several Security Therapist Aid's, while he was on the recreational yard of the Illinois Dept. of Human Services/Treatment and Detention after racial remarks where made to him by one of the Defendant's, Plaintiff was sprayed in his face with pepper mace by Defendant David Kurfman, after being told by this defendant, "You want to listen to that jungle music, go back to Africa," "now turn your black ass around and cuff up," The Plaintiff did not provoke the attack inflicted upon him by the Defendant's, the attack was motivated based on the Plaintiff's race and his choice of

music, And that the Plaintiff thereafter the physical attack inflicted upon him by the Defendant's named in Count I., of the complaint was assaulted further by the named Defendant's Vicki Kokas and Brenda Wilts, as plaintiff was taken from the North Central recreational yard to a location that is unknown to plaintiff at this time because he was blinded by the pepper mace, and these two named Defendant's put hot water in the Plaintiff's face, which agonized the plaintiff and burned the skin from portions of the plaintiff's face. Plaintiff alleges denial of medical care because upon his arrival to the Health care unit, he complained of trouble breathing, headache, face felt inflamed, no sensation in his finger tips, that his back and neck hurted and that plaintiff could not see. Plaintiff's complained of medical matters where not attended to by the facilities nursing staff, he was shouted at by the unknown nurse's because they acted as if plaintiff was not breathing on his own, the only medical care the plaintiff received is having his vital's checked and a wet towel was applied to my face and eye's. Plaintiff later found out that the Health Care Unit does have an eye wash dispenser in the health care, but the unknown Nursing staff Defendant's did'nt utilize the eye wash dispenser on the plaintiff. Plaintiff was placed in a cell located in the Illinois Department of Human Services/Treatment And Detention Facility, known as special management secure lock up, which is equivalent to a maximum security prison, plaintiff was told by Defendant Clifton R. McCalla, that the plaintiff was not allowed a roll of toliet tissue, a bar of soap, toothpaste, a toothbrush, wash towels, a clean change of underwear and outer wear, a pen, pencil, or paper to write with while on the special mangement lock up, there was no electrical outlets in the Secure Special management cells, no clean sheets, or clean mattress. Plaintiff was not given a written charge on the Behavior Committee notice, he was not even allowed to call any witnesses to the Behavior Committee to testify to what they may have observed on the North Central recreational yard, plaintiff was later found in violation of a false charge of dangerous disturbance, and was punished by being given an additional 30 days in the Special management unit added to the nearly two weeks the plainttiff's was already locked in a strip

cell on the Special management unit.

In addition, Plaintiff already suffered an injury to his lower back and blood in his urine from a prior physiacal attack inflicted upon him from a prior attack by Security employees, but as complained of in this case Count II., A., plaintiff suffered trouble breathing, headaches, face felt inflamed, plaintiff's back and neck hurted, he could not feel his finger tips, he could not see, and as plaintiff pointed out in Count III., A., that for two weeks plaintiff itched and his skin became very irritated as a result of the pepper mace not being properly washed off, such as the plaintiff taking a shower, the burns to his face Defendant's Kokas and Wilts caused by putting hot water in my face, plaintiff had bumps and bruises on his face from the punching and beating that was inflicted upon by the defendant's named in Count I., A., of the complaint, thus it is necessary to present a medical expert witness, or to cross examine medical witnesses called by the Defendant's or both. Even this Court set a deadline for the plaintiff to disclose expert witnesses and expert testimony pursuant to the requirements of Fed.R.Civ.P. 26(a)(2) by July 1,2008., **See attached Exhibit A,. of MOTION FOR THE APPOINTMENT OF COUNSEL**. The presence of medical or other issue's requiring expert testimony supports the Appointment of Counsel. Moore v. Mabus, 976 F.2d 268, 272 (5th.Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th.Cir.1992); Tucker v. Randall, 948 F.2d 388, 392 (7th.Cir.1991).

2.)  **The Plaintiff's ability to investigate.** The plaintiff is a pre-trial detained person, who is awaiting a civil trial, Inwhich a Court of law must determine if the plaintiff does or does not warrant Involuntary Civil Commitment as a Sexually Violent Person, under the Illinois Sexually Violent Persons Commitment ("ACT"), The plaintiff is currently being detained at the Illinois Department of Human Services/Treatment And Detention Facility, there is no adequate law library, nor is there any kind of Attorney Registration book that list the names and addresses of Attornies or telephone numbers, thus the plaintiff has no means of obtaining legal representation on his own. The plaintiff has mailed out several letter's to Attornies

that previously refused to assist him pro-bono in a civil rights action filed in the Northern District Court of Illinois, Eastern Division, plaintiff has yet to here anything from these Attornies in regards to representing him pro-bono in this case. Plaintiff ability to investigate these key defendants and obtain their testimony would severally handicap the plaintiff, which is a factor that several courts have cited in appointing counsel. <u>Tucker v. Randall</u>, 948 F.2d 388, 391-392 (7th.Cir.1991); <u>Gatson v. Coughlin</u>, 697 F.Supp. 270, 273 (W.D.N.Y. 1988); <u>Armstrong v. Snyder</u>, 103, F.R.D. 96, 105 (E.D.Wis.1984.)

In addition, this case will require considerable discovery concerning the identity of employee witnesses, resident's and pre-trial detained person witnesses. The history of the Security Therapist Aid's(S.T.A.'s), and other higher ranking employee staff and Defendant's, and any records of prior misconduct, And the plaintiff's medical records and/or history. See <u>Tucker v Dickey,</u> 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985)(Need for discovery supported the appointment of counsel).

3.  **The ability of the indigent to present his claim.** The plaintiff is an indigent pre-trial detained person with no legal training, a factor that supports the appointment of counsel. <u>Whisenant v. Yuam,</u> 739 F.2d 160, 163 (4th.Cir. 1984). In addition, he is confined in a facility with an inadequate law library. The said facility has since been segregated in it's entirety, plaintiff has no access to his witnesses that has since been relocated throughout the said facility, in other words there is no contact at all with my witnesses. <u>Rayes v. Johnson,</u> 969 F.2d 700, 703-04 (8th.Cir.1992)(Citing lack of access to law library as a Factor supporting appointment of counsel).

4.  **Legal complexity.** The large number of defendant's, some of whom are supervisory officials and subordinate defendants present complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable, access and reviewing of the North Central Yard three (3)

camera monitors. In addition, the plaintiff has requested for a jury trial, which require much greator legal knowledge and skill than the plaintiff has ever develope. See **Abdullah v. Gunter,** 949 F.2d 1032, 1036 (8th.Cir.1991)(Citing jury demand as a factor supporting appointment of counsel, cert, denied, 112 S.Ct.

5.   **Merit of the case.** The plaintiff's allegations, if proved, clearly would establish several constitutional violations. The unprovoked excessive force that inflicted upon the plaintiff, discrimination based on the plaintiff's race which is defendant's malicious intent, inhumane conditions of confinement the plaintiff was subjected to when he was placed in the Special Management Unit, the denial of medical care and the denial of procedural due process in relation to a disciplinary hearing, And as a direct a proximate result of this unprovoked attack inflicted upon the plaintiff by the Defendant's who is named in Count I., A., of his civil rights complaint, he has received a neck injury and additional pain to his already injured lower back, skin burned from his face, numbness in his finger tips, all clearly states an Eighth Amendmant, and Fourteenth Amendment violation. **Northington v. Jackson,** 973 F.2d 1518, 1525 (10th.Cir.1992); **Durre v. Dempsey,** 869 F.2d 543, 548 (10th.Cir.1989); **Smith-bey v. Hospital Administrator,** 841 F.2d 751, 758 (7th.Cir. 1988); **Vaughn v. Willis,** 853 F.2d 1372, 1377 (7th.Cir.1988).

On it's face, then, this is a meritorious case.

For the foregoing reasons, this Honorable Court should grant the plaintiff's motion and appoint counsel in this case.

(Date *April 15th 2008* )

Respectfully Submitted By:
Allen L. Moore

*Allen L. Moore*
Allen L. Moore, Acting **Pro-Se**
Illinois Dept. of Human Services
Treatment And Detention Facility
R.R.# 1, Box 6-A
Rushville, IL 62681

This procedure has been self notarized under the penalty of perjury in accordance with Title 28, U.S.C.A. §1746, §1621. This **15th** day of **April 2008.** With my right finger thumb print I hereby mark as my signature.

STATE OF ILLINOIS )
                  )  SS.
COUNTY OF SCHUYLER)

### AFFIDAVIT

I, Allen L. Moore, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts:

1) I am the plaintiff in the above entilted case. I make this affidavit in support of my motion for the appointment of counsel.

2) The complaint in this case alleges that the plaintiff was sprayed with a canister of pepper mace, square in the face, after one of the named Defendants made a racist statement to the plaintiff, and all the rest of the Defendant's named in Count I.,A., in the exception of Defendant Clifton R. McCalla, began to beat and punch the plaintiff, this include's Defendant David Kurfman, plaintiff recieved injuries to his upper partof his back and neck, and additional injuries to his lower back, along with injuries such as numbness in his finger tips, blindness on the date of the unprovoked attack upon the plaintiff, plaintiff did not violate any facility rule, policy or regulation for listening to his radio on the recreational yard, Defendant's had no lawful authority to physically attack the plaintiff, and to cover this crime up Defendant's denied the plaintiff due process of law at their Behavior Committee meeting, where the plaintiff never was given a notice of any charge he was alleged to have violated, he not allowed to call any witnesses on his behalf to testify to what they observed, he was found in violation of Dangerous Disturbance a rule the Behavior Committee and the Investigator and several other named defendant's made against the plaintiff, to cover up for there upper and lower Security Staff assualt and battery upon the plaintiff, plaintiff was not allowed basic cosmetic item's or any change of clothing after being sparyed in the face with pepper mace, he was not permitted to take a shower he was not provided clean bedding and mattress.

3) This is a complex case, because it contains several different legal claims, with claims involving different set of defendants.

4) The case involves medical issues that may require expert testimony.

5) The plaintiff has demanded a jury trial.

6) This case will require discovery of documents and dispositions of a number of witnesses and defendant's, most of whom the plaintiff has no contact whatsoever throughout this said facility.

7) That the facilities law library does not contain any legal books, or any form of book that list the names and addresses of Attornies, so that the plaintiff can seek legal representation on his own, Plaintiff aver that defendants testimony will be in sharp conflict with plaintiff's testimony.

8) The plaintiff has very little education, and this complaint was drafted for him by another pre-trial detainee, whom his self only has a G.E.D. education.

9) As set forth in the plaintiff's Memorandum of Law submitted with this affidavit, these facts along with the **legal merit** of plaintiff's claims support the **Appointment of Counsel to represent the plaintiff.**

   Pursuant to 28, U.S.C.A. §1746, §1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

This procedure has been self notarized under the penalty of perjury in accordance with Title 28, U.S.C.A. §1746, §1621. This 15th day of **April 2008**. With my right finger thumb print I hereby mark as my signature.

Signed on this 15th day of April 2008.

_Allen J. Moore_
Affiant

-2-of-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALLEN L. MOORE, | ) |
| Plaintiff, | ) Case No. 07-3324 |
| v. | ) Hon. Judge. HAROLD A. BAKER |
| THOMAS MONAHAN, et al., | ) Presiding. |
| Defendant(s) | ) |

PROOF OF SERVICE

To: James C. Vlahakis
    HINSHAW & CULBERTSON LLP
    222 North LaSalle, Suite 300
    Chicago, IL 60601

Tel: 312-704-3000
Fax: 312-704-3001

   PLEASE TAKE NOTICE that on April 15, 2008., I caused to be filed with the Clerk of the United States District Court Central District of Illinois, Springfield Division, MOTION FOR THE APPOINTMENT OF COUNSEL, and MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, by placing said in an envelope bearing first class United States Postage and mailed as said from the address of Rural Route # 1, Box 6-A, Rushville, IL to the above named Court and Clerk thereof.

Allen L. Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment And Detention Facility
R.R. # 1, Box 6-A
Rushville, IL 62681

CERTIFICATE OF SERVICE

   The undersigned states and certifies that anexact photocopy of the aboved mentioned was served upon the aboved named at the address by depositing the same in an envelope bearing first class United States Postage, and placed said in the U.S. mail at the Illinois Dept. of Human Services/Treatment And Detention Facility, R.R. # 1, Box 6-A, Rushville, Illinois 62681.

*Allen L. Moore* (signature)