IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALLEN L. MOORE, | ) |
| Plaintiff,/Petitioner, | ) |
| v. | ) Case No. 07-3324 |
| THOMAS MONAHAN, DARRELL SANDERS, DAVID KURFMAN, VICKI KOKAS, ) BRENDA WILTS, BRENDA M. LEONARD, ANDREW P. DUECKER, CLIFTON R. McCALLA, JAMES C. CLAYTON, TARRY WILLIAMS, SANDRA SIMPSON, DIANE DOBIER, JOE PROCTOR, AND VARIOUS OTHER DEFENDANT(S) THAT WILL BE NAMED UPON THE DISCOVERY OF THEIR IDENTITIES, | ) Judge Baker |
| Defendant/Respondents. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO CIVIL RIGHTS COMPLAINT**

NOW COMES Defendants, SANDRA SIMPSON, DIANE DOBIER and JOE PROCTOR, by and through their counsel, James C. Vlahakis, and submit the following as their Answers and Affirmative Defenses to Plaintiff's Complaint:

## I. JURISDICTION

**A.** The jurisdiction of this Court is [i]nvoked pursuant to 28 U.S.C. §1331 as this action arises under the Constitution and Laws of the United States, and pursuant to 28 U.S.C. §1343 (a)(3) as this action seeks redress for Civil Rights Violation under 42 U.S.C. §1983.

**ANSWER:** Defendants admit that jurisdictional for this Complaint is based on 28 U.S.C. §1331, 28 U.S.C. §1343 (a)(3) and 42 U.S.C. §1983 but deny that any constitutional violation took place.

**B.** Plaintiff's mailing address and/or registered number and place of confinement: Allen L. Moore, registered number #:864976, Illinois Department of Human Services, Treatment And

Detention Facility, Rural Route #:1, P.O. Box #: 6-A, Rushville, Illinois 62681.

**ANSWER:**    Defendants admit these allegations.

**C.**    Defendant, THOMAS MONAHAN, was employed as DIRECTOR OF THE TREATMENT AND DETENTION FACILITY. DEPT., OF HUMAN SERVICES, 100 S. GRAND AVE., E. 3rd FLR., SPRINGFIELD, ILL (Former Employers Name And Address).

**ANSWER:**    Defendants admit these allegations.

**D.**    At the time the claim(s) alleged in this complaint arose, was the defendant(s) employed by the state, local or federal government?

Yes (XX)        No (  )

If your answer is "yes", briefly explain:

At all times relevant to the claims alleged in this complaint, the defendant as named in paragraph **(C)** was the Director of the Treatment And Detention Facility, which is a state of Illinois Facility within the Illinois Department of Human Services and thereby duly organized under and by virtue of the laws of the State of Illinois.  This Defendant no longer holds that position at the Treatment And Detention Facility, because he relocated.  This Defendant is hereby being sued in his individual and his personal capacity.

**ANSWER:**    Defendants admit these allegations.

**E.**    Defendant, DARRELL SANDERS, was employed as DIRECTOR OF SECURITY AT THE TREATMENT AND DETENTION FACILITY. DEPT., OF HUMAN SERVICES, 100 S. GRAND AVE.E,3rd FLR., SPRINGFIELD, ILL.

**ANSWER:**    Defendants admit these allegations.

**F.**    At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

6309948v2 875261

**Yes (XX)          No (  )**

If your answer is "yes", briefly explain:

At all times rel[e]vant to the claims alleged in this complaint, the defendant as named in paragraph **(E)** was the Director of Security at the Treatment And Detention Facility, a Facility within the Illinois Department of Human Services, thereby being duly organized under and by virtue of the laws of the State of Illinois.  This defendant no longer holds that position at the Treatment And Detention Facility, because he relocated.  This Defendant is hereby being sued in his individual and his personal capacity.

**ANSWER:**    Defendants admit these allegations.

G.    [no answer required]

H.    The below named defendant(s) at all times relevant to the claims that are alleged in this complaint, were and are currently employed at the Treatment And Detention Facility, a State of Illinois Facility, within the Illinois Department of Human Services, thus being duly organized under and by virtue of the laws of the State of Illinois[.]  The said Facility in which the claims alleged herein arose, was at this current address, Illinois Department of Human Services, Treatment And Detention Facility, Rural Route # 1, Box 6-A, Rushville, Illinois 62681.  These named defendant's are hereby being sued in their individual and their personal capacity.

1.    **DAVID KURFMAN**, at all times relevant to the claims that are alleged in this complaint, was an Executive IV, with the rank and titled of Captain, at the Treatment And Detention Facility, He is hereby being sued in his individual and his personal capacity.

2.    **VICKI KOKAS**, at all times relavent [sic] to the claims that are alleged in this complaint, was an Executive IV, with the rank and title of Captain at the Treatment And Detention Facility.  She is hereby being sued in her individual and her personal capacity.

3. **BRENDA WILTS**, at all times relavent [sic] to the claims that are alleged in this complaint, was a Security Therapist Aid II (STA) with the rank and title of Sargeant [sic]. She is hereby being sued in her individual and her personal capacity.

4. **BRENDA M. LEONARD**, at all times relavent [sic] to the claims that are alleged in this complaint, was a Security Therapist Aid ("STA") with no other title or rank, at the Treatment And Detention Facility, She is hereby being sued in her individual and her personal capacity.

5. **ANDREW P. DUECKER**, at all times relavent [sic] to the claims alleged in this complaint, was a Security Therapist Aid II ("STA"), with the rank and title of Sargeant [sic] at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

6. **CLIFTON R. McCALLA**, at all times relavent [sic] to the claims alleged in this complaint, was an Executive IV, with the rank and title of Captain at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

7. **JAMES C. CLAYTON**, at all times relavent [sic] to the claims alleged in this complaint, was and remains the "Investigator", with no other rank or title at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

8. **TARRY WILLIAMS**, at all times relavent [sic] to the claims alleged in this complaint, was and remains an Executive IV, with the rank and title of Captain at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the truth of the above allegations with the exception of the allegations brought against Defendant

Williams.  Defendants admit that the Treatment And Detention Facility ["TDF"], was a State of Illinois Facility, within the Illinois Department of Human Services, was duly organized under and by virtue of the laws of the State of Illinois, and was located at Rural Route # 1, Box 6-A, Rushville, Illinois 62681.  Defendants admit that the above named defendants are being sued in their individual and their personal capacity.

9.    **SANDRA SIMPSON**, at all times relevant to the claims alleged in this complaint, was and remains Grievance Examin[e]r, with no other rank or title at the Treatment and Detention Facility.  She is hereby being sued in her individual and her personal capacity.

**ANSWER:**    Defendants admit these allegations to the extent Defendant Simpson was and is employed by Liberty Healthcare Corporation.

**I.**    The aboved [sic] named defendant's [sic] named in paragraph (H), at this time remains employee's [sic] of the Treatment And Detention Facility, with the above stated ranks and title's.

**ANSWER:**    Defendants lack sufficient knowledge or information to admit or deny the truth of the above allegations with the exception of the allegations brought against Defendants Simpson and Williams.

**J.**    The below named defendant(s) is employed by private contractors, in the employment of the Illinois Department of Human Services, which is a State of Illinois agency, duly organized and by virtue of the laws of the State of Illinois, DIANE DOBIER, and JOE PROCTOR, are all hereby being sued in there individual and their personal capacity.  Their employers name and address is: Liberty Health Care Corporation, Illinois Department of Human Services, 100 S. Grand Ave., E., 3rd Floor, Springfield, Illinois.

**ANSWER:**    Defendants admit that Defendants Dobier and Proctor are and were employed by Liberty Healthcare Corporation which is a subcontractor with the Illinois

6309948v2 875261

Department of Human Services. Defendants deny the remaining allegations.

**K.** James C. Clayton and defendant Tarry Williams assisted the defendants who physically assau[l]ted the plaintiff in covering up the assault in framing plaintiff with fruadulant [sic] incident repots and Behavior Committee report's against him, these defendants reviewed the North Central yard (3) camera monitors, and observed the defendants named in Count I., violently and physically assaulting the plaintiff on the North Central recreational yard. Plaintiff aver that defendant Tarry Williams is named as a defendant in a prior §1983 civil right's complaint as named on II. Previous lawsuits, paragraph F., defendant Tarry Williams made fraudul[e]nt reports against plaintiff, as a cover up for his and other defendants physically and brutally attack upon the plaintiff.

**ANSWER:** Defendants deny that they have any knowledge with regard to the allegations that "James C. Clayton and defendant Tarry Williams assisted the defendants who physically assau[l]ted the plaintiff in covering up the assault in framing plaintiff with fraudul[e]nt [sic] incident repots and Behavior Committee report's against him." Defendants lack sufficient knowledge or information to admit or deny the truth of the remaining allegations.

### COUNTS I-IV

Counts I through IV are brought against various DHS Defendants and are not brought against Defendants SANDRA SIMPSON, DIANE DOBIER and JOE PROCTOR, accordingly, no answer is required.

### COUNT V

**A.** Plaintiff aver that defendant's Diane Dobier and Joe Proctor are employed by a private company to provide sex offenders treatment to persons civilly committed as sexually violent persons. These two defendants are employed by Liberty Health Care Corp., and in turn

are employed by the Illinois Department of Human Services[.]

**ANSWER:** Defendants DIANE DOBIER and JOE PROCTOR admit these allegations with the exception that they are not employed directly by DHS. As this Count is not brought against Defendant SIMPSON, no answer is required.

**[B.]** [D]efendant's Diane Dobier and Joe Proctor convened a Behavior Committee meeting, along with an unknown Executive IV, who will be named upon the discovery of his or her identity on the date of January 8, 2007., regarding an allege rule infraction by the plaintiff on the North Central recreational yard on the date of January 5, 2007[.]

**ANSWER:** Defendants DIANE DOBIER and JOE PROCTOR admit these allegations. As this Count is not brought against Defendant SIMPSON, no answer is required.

**[C.]** [A] hearing was held plaintiff never received a written notice of the charges against him, defendants Diane Dobier and Joe Proctor asked him did he want to waive his written 24 hour notice[.]

**ANSWER:** Defendants DIANE DOBIER and JOE PROCTOR deny that a hearing was held, lack information or knowledge sufficient to admit or deny whether Plaintiff received a written notice of the charges against him, but admit that if Plaintiff claimed that he did not have notice they would have asked him did he want to waive his written 24 hour notice.

**[D.]** [P]laintiff told defendants he did not want to waive his (24 hour) notice of charge's written against him, he told these defendant's that he had a right to a notice of charges describing the conduct he is accused of so that plaintiff could marshal the facts and present a defense at the behavior committee meeting[.]

**ANSWER:** Defendants DIANE DOBIER and JOE PROCTOR admit that Plaintiff declined to waive notice of the charges against him, but lack information or knowledge sufficient

to admit or deny the remaining allegations. As this Count is not brought against Defendant SIMPSON, no answer is required.

**[E.]** [D]efendants Diane Dobier and Joe Proctor told the plaintiff, 'Since you don't want to waive your 24 hour notice, you will be locked in your cell, Plaintiff aver that on that same date of January 8, 2007, after he was-locked back in his cell on the special management unit[.]

**ANSWER:** Defendants DIANE DOBIER and JOE PROCTOR lack sufficient information or knowledge to admit or deny whether Plaintiff "was-locked back in his cell on the special management unit, Security Therapist Aid (STA II) R" and deny the remaining allegations. As this Count is not brought against Defendant SIMPSON, no answer is required.

**[F.]** Security Therapist Aid (STA II) R. Kerr gave the plaintiff his (24 hour) behavior committee notice, he signed the notice to verify that he was issued a copy of the notice.

**ANSWER:** Defendants DIANE DOBIER and JOE PROCTOR admit these allegations. As this Count is not brought against Defendant SIMPSON, no answer is required.

**[G.]** Plaintiff aver that he was taken back to the Behavior Committee on the date of January 9,2007, defendant Joe Proctor and two other defendants that will be named in an amended complaint upon the discovery of their identities, where conducting the Behavior Committee hearing[.]

**ANSWER:** Defendant JOE PROCTOR admits these allegations. As this aspect of this Count is not brought against Defendants SIMPSON or DOBIER, no answer is required.

**[H.]** [A]t this hearing plaintiff notified this Behavior Committee that the notice that he was issued does not point out the rule that plaintiff is alleged to have violated, or which employee wrote the report against him[.]

**ANSWER:** Defendant PROCTOR lacks information or knowledge sufficient to admit

or deny whether Plaintiff told the Behavior Committee "that the notice that he was issued does not point out the rule that plaintiff is alleged to have violated, or which employee wrote the report against him" but admits that the notice of rule violation did not identify "which employee wrote the report against him." Defendant PROCTOR denies the remaining allegations. As this aspect of this Count is not brought against Defendants SIMPSON or DOBIER, no answer is required.

**[I.]** [P]laintiff was told that the Behavior Committee in Rushville TDF, will determine the rule infraction based on the plaintiff's statement's to the committee.

**ANSWER:** Defendant PROCTOR admits the above allegations but denies that this is the entire basis upon which the Behavior Committee will determine whether a resident has violated a facility rule. As this aspect of this Count is not brought against Defendants SIMPSON or DOBIER, no answer is required.

**[J.]** [Plaintiff] began to explain what accured [sic] on the North Central recreational yard, how he was brutally and physically assaulted, he requested for the Behavior Committee member's to review the three (3) North Central Camera monitors, he also requested that several witnesses be called to testify to what they witnessed on the North Central yard, plaintiff request was denied by the Behavior Committee.

**ANSWER:** Defendant PROCTOR lacks sufficient information or knowledge to admit or deny these allegations. As this aspect of this Count is not brought against Defendants SIMPSON or DOBIER, no answer is required.

**[K.]** Plaintiff aver that on the date of January 10, 2007, he again was taken before the Behavior Committee concerning the Behavior Committee determining [sic] should they allow the plaintiff outside his lock down cell[.]

9

**ANSWER:** Defendant PROCTOR denies that Plaintiff has accurately identified the basis why he appeared before the Behavior Committee. As this aspect of this Count is not brought against Defendants SIMPSON or DOBIER, no answer is required.

**[L.]** [L]ater the same day [Plaintiff] was notified that he was found in violation of a major rule violation, "Dangerous Disturbance."

**ANSWER:** Defendant PROCTOR admits these allegations.

**[M.]** [Plaintiff] was given as punishment (30 days) close supervision, meaning that he has to live in the Special Management unit, on unit restriction[.]

**ANSWER:** Defendant PROCTOR denies that Plaintiff was "punished" or placed in a "special management unit" but admits that Plaintiff was placed on Close Management Status for 30 days.

**[N.]** [P]laintiff was not permitted to go outside, for approximately "42 days" plaintiff was deprived of all of his personal property, that is in his cell in the general population, see Behavior Committee report and Behavior Committee meeting review and initial attached to this complaint.

**ANSWER:** Defendant PROCTOR denies Plaintiff was denied outside exercise, denies that he was deprived of all of his "personal property", and avers that he was allowed personal property that is allowed on Close/Unit Restriction Status. As these allegations are not directed against Defendants SIMPSON and DOBIER, no answer is required.

**COUNT VI**

Plaintiff aver that defendant's Thomas Monahan, Darrell Sanders and Sandra Simpson all had direct knowledge that the plaintiff was being held in the special management units for a rule violation that he did not commit,

**ANSWER:**    Defendant Simpson denies the above allegations. As these allegations are not directed against Defendants PROCTOR and DOBIER, no answer is required.

[P]laintiff sent a grievance form to grievance examin[e]r and defendant Sandra Simpson and she turned a blind eye by not writing any response to his grievance[.]

**ANSWER:**    Defendant Simpson admits that Plaintiff submitted a grievance but denies the remaining allegations. As these allegations are not directed against Defendants PROCTOR and DOBIER, no answer is required.

[D]efendant Sandra Simpson could have reviewed the three (3) camera monitor's on the North Central yard, and determined the truthfulness of plaintiff's grievance, but defendant Simpson did not what to perform her duties to investigate plaintiff's claims[.]

**ANSWER:**    Defendant Simpson denies that she was obligated to review the camera monitors, denies that it is her role to oversee and overrule Behavior Committee proceedings and denies that she did not perform her duties and denies that she did not otherwise investigate Plaintiff's claims. As these allegations are not directed against Defendants PROCTOR and DOBIER, no answer is required.

[D]efendant Thomas Monahan turned a blind eye to defendant's named in Count I., brutally and physically assaulting the plaintiff, defendant Thomas Monahan was the Director of the Illinois Department of Human Services, Treatment And Detention, this defendant denied the plaintiff's grievance without any response to plaintiff's allegations of the unprovoked attack inflicted upon him on the North Central yard by his subordinate employee security staff, defendant Monahan also blocked the plaintiff from appealing his grievance to the Program Administrator, defendant Thomas Monahan had the power to release the plaintiff from the special management unit, yet he failed to do so. Plaintiff aver that defendant Darrell Sanders had

6309948v2 875261

direct knowledge of plaintiff being physically and brutally assaulted on the north central recreational yard, defendant Darrell Sanders was the Director of Security of the Illinois Department of Human Services, Treatment And Detention Facility, this defendant reviewed the north central yard camera monitor's, and observe plaintiff being savagely attacked by defendant's named in Count I, of this complaint, defendant Darrell Sanders turned a blind eye, this defendant could have released the plaintiff from the special management lock down unit, yet defendant Sanders helped defendants cover this attack up by upholding the false charges, as defendant Thomas Monahan had done.  See grievance attached as Exhibit A.

**ANSWER:**  As these allegations are not directed against Defendants SIMPSON, PROCTOR and DOBIER, no answer is required.

WHEREFORE, Defendants Dobier, Proctor and Simpson deny that Plaintiff is entitled to any of the relief that he seeks and Defendants demand a jury trial.

### AFFIRMATIVE DEFENSES

1.    Defendants are entitled to qualified immunity as they worked as quasi-governmental officials and they did not violate any clearly established rights that a reasonable official in their positions would have understood to constitute a violation of the Constitution.

    Respectfully submitted,

By: /s/ James C. Vlahakis
   Attorneys for Defendants SANDRA SIMPSON, DIANE DOBIER and JOE PROCTOR

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081

Phone: (312) 704-3000
jvlahakis@hinshawlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 22, 2008, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record and mailed copy of same to the following party of record:

Allen Moore
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1, Box 6A
Rushville, IL 62681

Respectfully submitted,

s/ James C. Vlahakis
James C. Vlahakis   06230459
Attorney for Defendants
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

6309948v2 875261