E-FILED
Friday, 02 May, 2008  04:41:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,                            )
                                           )
        Plaintiff/Petitioner,              )
                                           )        Case No.  07-3324
   -V-                                     )
                                           )        Hon.Judge. Harold A. Baker
THOMAS MONAHAN, DARRELL SANDERS,           )        Presiding.
DAVID KURFMAN, VICKI KOKAS,                )
BRENDA WILTS, BRENDA M.LEONARD,            )
ANDREW P.DUECKER, CLIFTON R.McCALLA,       )
JAMES C.CLAYTON, TARRY WILLIAMS,           )
SANDRA SIMPSON, DIANE DOBIER,              )
JOE PROCTOR, GUY GROOT, NICOLE             )        AMENDED COMPLAINT
NEWMAN, LISA BROWN, CAROL L.ADAMS,         )
AND VARIOUS OTHER DEFENDANT(S) THAT        )
WILL BE NAMED UPON THE DISCOVERY OF        )
THEIR INDENTITIES.                         )
                                           )
        Defendant/Respondent(s).           )
                                           )

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

   NOW COMES the Plaintiff, **Allen L. Moore**, Acting **Pro-Se** and on behalf
of himself, and respectfully moves this Honorable Court **pursuant to Rule
15(a) of Fed.R.Civ.P.**, to grant him leave to file an Amended Complaint. In
support of this motion Plaintiff states as follows:

   1. The plaintiff named in his original complaint four (4) defendant's
that were unknown to him by name.

   2. The plaintiff has determined the name of three (3) of these
defendant's, who are defendant Guy Groot, Nicole Newman and Lisa Brown.

   3. The plaintiff has also named an additional defendant to this
action, Carol L.Adams.

   4. The plaintiff changed certain defendant's title to defendants
correct title such as; Security Therapist Aid IV., instead of Executive
IV.

5. Defendant's Nicole Newman and Lisa Brown are the defendant's plaintiff referr to in Count II., paragraph A., of the complaint and of his amended complaint.

6. Defendant Guy Groot is one of the Defendant's named in Count V., paragraph A., of this complaint, and of plaintiff's amended complaint.

7. Defendant Carol L.Adams is a new defendant added and she is named in Count VII., paragraph A., of this amended complaint.

**WHEREFORE**, for all the above stated reasons Plaintiff, Allen L. Moore, prays that this Honorable Court will grant him leave to file an amended complaint.

(Date: _April 29, 2008_ )

Respectfully Submitted By:
  Allen L. Moore,

_Allen J. Moore_
Allen L.Moore, Acting Pro-Se
Illinois Department of Human Services
Treatment And Detention Facility
R.R. #1, Box 6-A
Rushville, Illinois 62681

This procedure has been self notarized under the penalty of purjury in accordance with Title 28, U.S.C.A. §1746,§1621. This 29th day of april 2008. With my right finger thumb print I hereby mark as my signature.

E-FILED
Friday, 02 May, 2008  04:41:42 PM
Clerk, U.S. District Court, ILCD

Fr:Allen L. Moore
   Illinois Dept. of Human Services
   Treatment And Detention Facility
   R.R.#1, Box 6-A
   Rushville, IL 62681

PAGE ONE OF ONE WITH
AFFIDAVIT AND PROOF OF
SERVICE ATTACHED

To:Mrs. Pamela E. Robinson, Clerk
   OFFICE OF THE CLERK
   151 U.S. Courthouse
   600 East Monroe Street
   Springfield, IL 62701

FILED

MAY 0 2 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Date: April 30,2008

Dear  Mrs.Pamela E. Robinson, Clerk:

                PLEASE FIND ENCLOSED for filing one
(1) original and Seven (7) photocopies of PLAINTIFF'S AMENDED COMPLAINT,
for a total of Eight (8), and one (1) original and Seven (7) photocopies
of MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT. there are proof of
Services attached to back of each amended complaint.

        The original's are to be stamped filed and received by the Court.

        The are two (2) photocopies to be stamped filed for the Clerk of
the Court's records.

        There is a photocopy of each to be stamped filed and returned to
the plaintiff for his personal records.

        And there is a copy of each to be served upon each new defendant
by the United States Marshal Service. I have already mailed a photocopy
to defendant Guy Groot Attorney Mr. James C. Vlahakis, HINSHAW & CULBERT-
SON. But I still enclosed a copy for Guy Groot in this letter, just in
case the Court may want the Marshal Services to serve summons and com-
plaint by this avenue.

        I do not have a self-addressed stamped envelope, because any legal
mail I send out is free Mrs.Robinson. So would you please mail to me my
stamped filed photocopy.

        Thank you very much for your assistance and for reading this letter.

AFFIDAVIT AND PROOF
OF SERVICE IS ATTACHED

Respectfully Submitted By:
   Allen L. Moore

Allen L. Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment And Detention Facility
R.R. # 1, Box 6-A
Rushville, IL 62681

STATE OF ILLINOIS )
                  )  SS.
COUNTY OF SCHUYLER)

### AFFIDAVIT AND PROOF OF SERVICE

I, Allen L. Moore, being first duly sworn upon my oath depose and says:

1.  On the date of April 30,2008., I did mail an exact photocopy of the attached letter dated April 30,2008., to: Mrs. Pamela R. Robinson, Clerk ,Foffice of the Clerk, 151 U.S. Courthouse, 600 East Monroe Street, Srpingfield, Illinois 62701., by depositing the attached letter in an envelope, and placing the letter in the hand of the Treatment And Detention Facilities mail personal Mrs. Wanda Pennock, where she placed United States first class postage, and thereby place said letter in the U.S. mail box located at the address of Illinois Dept. of Human Services, Treatment And Detention Facility, R.R. #1, Box 6-A, Rushville, Illinois 62681.

2.  That the original letter, I have kept for my personal records.

Any further affidavit said herein, I your affiant Allen L. Moore say it not.

_Allen Y. Moore_
Affiant

This procedure has been self notarized under the penalty of perjury in accordance with Title 28, U.S.C.A. §1746, §1621. This 25th day of April 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,                              )
                                             )
     Plaintiff/Petitioner,                  )
                                             )
  -V-                                        )    Case No.  07-3324
                                             )
THOMAS MONAHAN, DARRELL SANDERS,             )
DAVID KURFMAN, VICKI KOKAS,                  )    CIVIL RIGHTS COMPLAINT
BRENDA WILTS, BRENDA M. LEONARD,             )    Pursuant to 42, U.S.C. §1983
ANDREW P.DUECKER, CLIFTON R.                 )      (State Detained Person)
McCALLA, JAMES C.CLAYTON, TARRY              )
WILLIAMS, SANDRA SIMPSON, DIANE              )
DOBIER, JOE PROCTOR, GUY GROOT,              )
NICOLE NEWMAN, LISA BROWN, CAROL             )
L.ADAMS, AND VARIOUS OTHER DEFEN-            )    AMENDED COMPLAINT
DANT(S) THAT WILL BE NAMED UPON              )
THE DISCOVERY OF THEIR IDENTITIES,)
                                             )
     Defendant/Respondent(s).               )

CIVIL RIGHTS COMPLAINT
WITH A JURY DEMAND

    This is a §1983 action filed by **Allen L. Moore**, a state detained person, alleging violation of his Constitutional Rights and he is seeking money damages, declaratory judgement, and INJUNCTIVE RELIEF.

I. JURISDICTION

A.  The jurisdiction of this Court is envoked pursuant to 28, U.S.C. §1331 as this action arises under the Constitution and Laws of the United States, and pursuant to 28, U.S.C. §1343 (a)(3) as this action seeks redress for Civil Rights Violation under 42, U.S.C. §1983.

B.  Plaintiff's mailing address and/or registered number and place of confinement: Allen L. Moore, registered number #:864976, Illinois Department of Human Services, Treatment And Detention Facility, Rural Route #:1, P.O. Box #:6-A, Rushville, Illinois 62681.

C.  Defendant, **THOMAS MONAHAN**, was employed as DIRECTOR OF THE TREATMENT AND DETENTION FACILITY.
DEPT., OF HUMAN SERVICES, 100 S. GRAND AVE., E. 3rd FLR.,SPRINGFIELD Ill.
    (Former Employers Name And Address)

D.    At the time the claim(s) alleged in this complaint arose, was the defendant(s) employed by the State, local or Federal government?

Yes  (XX)    No  (  )

If your answer is "yes", briefly explain:

At all times relevent to the claims alleged in this complaint, the defendant as named in pargraph (C) was the Director of the Treatment And Detention Facility, which is a state of Illinois Facility within the Illinois Department of Human Services and thereby duly organized under and by virtue of the laws of the State of Illinois. This Defendant no longer holds that title and position at the Treatment And Detention Facility, because he re-located. This Defendant is hereby being sued in his individual and his personal capacity.

E.   Defendant, DARRELL SANDERS, was employed as DIRECTOR OF SECURITY AT THE TREATMENT AND DETENTION FACILITY.

DEPT., OF HUMAN SERVICES, 100 S.GRAND AVE. 3rd FLR., SPRINGFIELD, Ill.
(Former Emplyers Name and Address)

F.   At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes  (XX)    No  (  )

If your answer is "yes", briefly explain:

At all times relevent to the claims alleged in this complaint, the defendant as named in paragraph (E) was the Director of Security at the Treatment And Detention Facility, a Facility within the Illinois Department of Human Services, thereby being duly organized under and by virtue of the laws of the State of Illinois. This Defendant no longer holds that position at the Treatment And Detention Facility, because he re-located. This Defendant is hereby being sued in his individual and his personal capacity.

G.       Using the outline of the form provided. Included the above information for any additional defendant(s).

H.       The below named defendant(s) at all times relevent to the claims that are alleged in this complaint, were and are currently employed at the Treatment And Detention Facility, a State of Illinois Facility, within the Illinois Department of Human Services,

thus being organized under and by virtue of the laws of the State of Illinois. The said Facility in which the claim(s) alleged herein arose, was at this current address, Illinois Department of Human Services, Treatment And Detention Facility, Rural Route #:1, Box 6-A, Rushville, Illinois 62681. These named defendant(s) are hereby being sued in their individual and their personal capacity.

1.  DAVID KURFMAN, at all times relavent to the claims that are alleged in this complaint, was an Security Therapist Aid IV, (STA IV), with the rank and title of Captain at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

2.  VICKI KOKAS, at all times relavent to the claims that are alleged in this complaint, was an Security Therapist Aid IV, (STA IV), with the rank and title of Captain at the Treatment And Detention Facility. She is hereby being sued in her individual and her personal capacity.

3.  BRENDA WILTS, at all times relavent to the claims that are alleged in this complaint, was a Security Therapist II, (STA II), with the rank and title of Sargeant. She is hereby being sued in her individual and her personal capacity.

4.  BRENDA M.LEONARD, at all times relavent to the claims that are alleged in this complaint, was a Security Therapist Aid I,(STA I), with no other title or rank, at the Treatment And Detention Facility. She is hereby being sued in her individual and her personal capacity.

5.  ANDREW P.DUECKER, at all times relavent to the claims that are alleged in this complaint, was a Security Therapist Aid II, (STA II), with the rank and title of Sargeant at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

6.  CLIFTON R.McCALLA, at all times relavent to the claims that are alleged in this complaint, was an Security Therapist Aid IV, (STA IV), with the rank and title of Captain at the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

7.     **JAMES C.CLAYTON,** at all times relavent to the claims alleged
       in this complaint, was and remains the "Investigator", with
       no other rank or title at the Treatment And Detention Facility
       to the best of the plaintiff's knowledge. He is hereby being
       sued in his individual and his personal capacity.

8.     **TARRY WILLIAMS,** at all times relavent to the claims alleged in
       this complaint, was and remains a Security Therapist Aid IV,
       (STA IV), with the rank and title of Captain at the Treatment
       And Detention Facility. He is hereby being sued in his indivi-
       dual and his personal capacity.

I.     The aboved named defendant's named in paragraph **(H)**, at this
       time remains employee's of the Treatment And Detention Facility,
       with the above stated ranks and title's.

J.     The below named defendant(s), were employed by Addus Healthcare
       Inc., which was sub-contracted with the Illinois Department of
       Human Services, to provide medical care at the times claims all-
       eged in this complaint arose, these Defendant(s) are no longer
       employed by Addus HealthCare Inc., they are now employed by
       **Wexford Health Care,** which is sub-contracted with the Illinois
       Department of Human Services, which is a State of Illinois
       agency, duly organized and by virtue of the laws of the State
       of Illinois, **NICOLE NEWMAN,** **LISA BROWN,** are all hereby being
       sued in there individual and their personal capacity. These
       defendant's can be located at the Illinois Department of Human
       Services, Treatment And Detention Facility.

K.     The below named defendant(s), are and were employed by the
       Liberty HealthCare Corp., which is a sub-contractor with the
       Illinois Department of Human Services, which is a State of
       Illinois agency, duly organized and by virtue of the laws
       of the State of Illinois, **DIANE DOBIER,** **JOE PROCTOR,** **SANDRA
       SIMPSON,** and **GUY GROOT,** defendant Sandra Simpson is currently
       the grievance examinor. They are all hereby being sued in there
       individual and their personal capacity. Their employers name
       and address is: Liberty HealthCare Corp., Illinois Department
       of Human Services, 100 S. Grand Ave., E., 3rd Floor, Spring-
       field, Illinois.

L.      The below named defendant is currently employed by the Illinois Department of Human Services, with the title of Secretary of the Illinois Department of Human Services, this agency is a State of Illinois agency, duly organized and by virtue of the laws of the State of Illinois, <u>CAROL L. ADAMS</u>, She is hereby being sued in her individual and her personal capacity. She is located at the address of 401 South Clinton Street 7th., Floor, Chicago, Illinois 60607-3800, or at the address of 100 S. Grand Ave., E. 3rd Floor, Springfield, Illinois 62762.

## II.   <u>PREVIOUS LAWSUITS</u>

A.      Have you begun any other lawsuits in state or Federal Court related to your confinement and/or your detention? **Yes (XX)  No ( ).**

B.      If your answer to "A" is "yes", describe the lawsuit in the space below. (If there is more than (1) lawsuit, you must describe the additional lawsuits on an additional sheet of paper, using the same outline.) Failure to comply with this provision may result in the summary dismissal of your complaint.

C.      Name of Case and docket number: <u>Allen L. Moore -v- Thomas Monahan, et al.,    06 C 6088.</u>

D.      Approximate date of filing lawsuit: <u>November 22, 2006.</u>

E.      List all plaintiff's (if you had co-plaintiff's), including any aliases: <u>There is None.</u>

F.      List all defendant(s): <u>THOMAS MONAHAN, DARRELL SANDERS, TARRY WILLIAMS, BERNARD M. AKPAN, JACK GRAHAM, LESLIE HOGAN, SHAWNDO CLEVELAND, TONY HUMPHREY, TIMOTHY BURNETTE, STEVE STROCK, TAMMY CHASTEEN, NATHANIAL THOMPSON, LEA CHANKIN, SHAN JUMPER, LIBERTY HEALTHCARE CORP., and CAROL VANCE.</u>

G.      Court in which the lawsuit was filed (if Federal Court, name the District; if State Court, name the County): <u>United States District Court for the Northern District of Illinois, Eastern Division.</u>

H.      Name of judge to whom case was assigned: <u>Honorable Judge AMY J. ST. EVE.</u>

I.       Basic claim made: Excessive force, unconstitutional conditions of confinement, Fraulent reports.

J.       Disposition of this case(for example): This case is still pending.

K.       Approximate date of disposition: I don't know.

### III. GRIEVANCE PROCEDURE

A.       Is there a grievance procedure in the institution?

                         Yes  (XX)    No  ( )

B.       Did you present the facts relating to your complaint in the institutional grievance procedure?

                         Yes  (XX)    No  ( )

C.       Attach copies of your request for administrative remedy and the response that you received. If you can not do so explain why not. The issues presented in this complaint are issues that are none grievable, as plaintiff claims alleges unprovoked excessive force while he was a pre-trial detained person in violation of his United States Constitutional Fourteenth Amendment Rights. However, plaintiff submitted a grievance form nearly one month after the alleged unprovoked excessive force attack upon him. This Grievance is annexed to this complaint as Exhibit A.

### IV. STATEMENT OF CLAIMS

     The facts necessary to an understanding of the issues that are presented by the plaintiff in this civil complaint are set forth:

### COUNT I.

A.       Plaintiff, Allen L. Moore, aver that on/or about the date of July 12,2005., he was transferred from the Illinois Department of Corrections on the date he was scheduled to be releaseed from said Depart- partment on mandatory supervised release, plaintiff aver that he was transferred to the Department of Human Services, Treatment And Detention Facility which is a Secured facility provided by the Department of

Corrections for those persons committed under paragraph (b)(2) of
Section 40 of the SVP Act., See 725 ILCS 207/50(b). The plaintiff
is a pre-trial detained person, being detained under and by virtue
of Illinois Sexually Violent Persons Commitment Act, 725 ILCS
207/1 et seq., (Hereinafter the "Act"). Plaintiff aver that on the
date of December 27,2005, he was transferred from the Treatment and
Detention Facility back to the Illinois Department of Corrections
for alleged rule violations to his mandatory supervised released
while a pre-trial detained person at the Illinois Department of Hu-
man Services, Treatment and Detention Facility, which at that time
was located in Joliet, Illinois. Plaintiff aver that he was subse-
quently transferred back to the Illinois Department of Human Services,
Treatment And Detention Facility, after he "discharged" from his
prison sentence within the IDOC on the date of October 4,2006. Plai-
ntiff aver that from the date of October 4,2006., until this present
time he remained as in accordance with the Sexually Violent Persons
Commitment "Act", a **pre-trial detained person**. On the date of Jan-
uary 5,2007., at approximately 3:35 p.m. that day, the defendant
Brenda M.Leonard, came up to plaintiff while he was on the North
Central recreational yard, and told him to turn down his radio, pla-
intiff complied with defendant Leonard's order, and turned his radio
down, he made further adjustment's and picked his radio up and
moved to the back of the recreational yard, when the plaintiff turned
around he noticed that Defendant Leonard had followed him to the
back of the recreational yard, when plaintiff began listening to
his radio in the back of the yard, defendant Brenda Leonard appr-
oached plaintiff, and asked him did he want her to call someone,
plaintiff replied to defendant Leonard, "yes he wanted her to call
someone, because he felt that she was harrassing him," defendant
Brenda M.Leonard, then called defendant David Kurfman to the North
Central yard, then she called a disturbance emergency call on her
radio, defendant's who first responded by running out to the North
Central Recreational yard, where Security Therapist Aid IV, Vicki
Kokas, Security Therapist Aid II, Sargeant Brenda Wilts, and Security
Therapist Aid II, Sargeant Andrew P.Duecker, these defendant's
arrived to the North Central yard and asked defendant Leonard where
was the disturbance, defendant Leonard told these defendant's that

that the plaintiff would not turn down the volume to his radio,
defendant Wilts asked the plaintiff why did'nt he turn down his
radio when defendant Brenda M.Leonard ordered him to, plaintiff
then told defendant Wilts that he complied with defendant Leonard's
order to turn down his radio in the front of the recreational yard,
and that defendant Leonard followed him to the back of the yard
only to harass him. Defendant Kokas, Wilts, Duecker and Leonard
walked away from the plaintiff, and talked among themselves, plaintiff
stood with his back up against the wall, with both his hands down
to his sides, he was not posing any kind of threat to himself, staff
or other residents who where out on the North Central recreational
yard, at that time defendant's David Kurfman, who is a Security
Therapist Aid IV, and Clifton R.McCalla came running out to the
North Central recreational yard.

    B.    Plaintiff aver on this same date on January 5,2007., once
defendant's Kurfman and McCalla ran out to the North Central Recre-
ational yard, defendant McCalla stood near the center of the basket
ball court observing myself, and other resident's who where standing
around me, and defendant's named herein. Defendant David Kurfman was
met by defendant Leonard, these two defendant's talked while they
quickly approached the plaintiff. Defendant Kurfman had a pair of
hand cuff's in his hand, while approaching the plaintiff in a very
intimidating manner, defendant Kurfman told the plaintiff, "you want
to listen to that jungle music, go back to Africa," now turn your
black ass around and cuff up," I told defendant Kurfman that, that
was inappropriate language, and that I was offended, defendant
Leonard was standing there when defendant Kurfman made these racist
statement's to the plaintiff, so approximately five (5) other
resident's and pre-trial detained person's, defendant Kurfman then
pulled from his waste band a bottle of pepper mace, defendant's
Vicki Kokas, Brenda Wilts, Andrew P.Duecker and defendant Brenda
M.Leonard surrounded the plaintiff, at the same time defendant Clifton
R.McCalla told all resident's and pre-trial detained persons to
leave the recreational yard, plaintiff was then sprayed directly
in his face with the pepper mace, plaintiff could not breath, all
of the defendant's named herein in the exception of defendant Clifton

R.McCalla, grabbed and held the plaintiff, so that defendant David Kurfman could strike the plaintiff in the face, at this time plaintiff's vision was blurred as he fell down to the ground, he saw defendant Brenda Wilts hold him up and David Kurfman punched plaintiff several times in the face and his head, plaintiff felt other staff punching him also, the plaintiff screemed out in pain, he called for help, there was no one to help him, once plaintiff was on the ground he was punched several more times by the defendant's, defendant Clifton R.Mccalla could have stopped this brutal and physical attack upon the plaintiff, but he failed to intervene, defendant McCalla had the authority to stop this physical and brutal assault by the defendant's upon the plaintiff, because he is ranked as Security Therapist Aid IV, ("STA IV"), plaintiff aver that he did not provoke this attack upon himself, that he was not a threat to himself, staff or anyone else, that where out on the North Central Recreational yard, that this attack was inflicted upon him was motivated based on his race and his choice of music. Plaintiff aver that he is not a prisoner, that he has fully and completely served out his prison sentence in the Illinois Department of Corrections, on the date of **October 4,2006**, and that the Act in which he's held under is the Illinois Sexually Violent Persons Commitment Act, and that said Act is **civil** and not **criminal**. Plaintiff is a **pre-trial detainee** and can-not be punished, plaintiff violated no rules or regulations of the Treatment And Detention Facility by listening to his radio on the recreational yard. Plaintiff aver that he was hand cuffed behind his back and taken to a location in side the building following the physica and brutal assault and attack, plaintiff was blinded completely at this time from the pepper mace, plaintiff aver that the image's of this brutal and physical attack was recorded by the North Central yard three (3) camera monitor's.

C.   Plaintiff aver that on the same date of January 5,2007., after he was hand cuffed behind his back, he was taken somewhere within the Treatment And Detention Facility, plaintiff could not see at all at this time, because of the pepper mace that was sprayed into his eye's, the defendant's put hot water into his face and eye's, plaintiff screamed out in agony, defendant's Vicki Kokas and Brenda Wilts laughed and put more hot water into the plaintiff's face as the other defendant's held plaintiff where he was unable

to move, plaintiff began to plead with defendant's Kokas and Wilts
to stop because he could not breath and it was painful, these
defendants kept laughing at the plaintiff, he then heard defendant
Vicki Kokas say he's crying like a little girl, he's not a man,
defendant Clifton R.McCalla told defendant's Kokas and Wilts that
that was enough, "let's take him to Healthcare. Plaintiff was taken
to the Healthcare unit.

**COUNT** II.

A.    Plaintiff aver that after he was assaulted by the defendant's
as named in Count I., of this complaint, he was denied medical care for
his injuries. Plaintiff aver that he told the nurse's in the Health
care unit that he had trouble breathing and plaintiff's head hurted,
his face felt as if it was on fire, his back and neck hurted, he could
not feel his finger tips and he could not see. Plaintiff could not ide-
ntify these two nurse's in the original complaint, but now he know's
the identities of these two (2) nurse's to be, defendant Nicole Newman
and Lisa Brown, plaintiff could not identify these two nurse's be-
cause's he was blinded by the pepper mace and his face was inflamed
from the hot water defendant's Kokas and Wilts deliberately put in
his face. Defendant Newman, placed a device around the plaintiff arm
to check his breathing, this defendant shouted at the plaintiff to
breath, as if the plaintiff purposely stopped himself from breathing,
defendant Newman then stated to defendant's who assaulted the plaintiff,
"He's not breathing," and it was at this time defendant Newman shouted
in the plaintiff's ear,"Breath".  The second nurse is defendant Lisa
Brown, plaintiff did not know her identity in the original complaint,
this defendant lied to the plaintiff, stating that the Heathcare unit
did not have eye wash dispenser's, so that the plaintiff's face and
eye's could be rinsed out. Defendant Brown gave the defendant's a
wet cloth and told defendant's that they could do what ever they
wanted, because this defendant said she could not help the plaintiff,
none of plaintiff's injuries where looked at by either of these def-
endant's, and he still had trouble breathing properly, defendant's
named in Count I, of this complaint escorted the plaintiff to the

facilities Special Management Unit, plaintiff asked if photo's could be taken of plaintiff's injuries, these defendant's and defendant nurse's denied this request by plaintiff.

<u>COUNT</u>    III.

A.    Plaintiff aver that he was taken to the Treatment And Detention Facilities, Special Management Unit, and was placed on SMS Special management status, he was locked in a cell while still blinded from the pepper mace. He only had the clothing that he had on, and the wash cloth, that nurse's gave defendant's, plaintiff aver that he left in the cell to care for himself, plaintiff aver that when he turned on the water in the cell, only warm water came out of the sink, he shouted for Security staff, defendant's Vicki Kokas and Brenda Wilts arrived at the door to plaintiff's cell, plaintiff told them he was unable to get cold water from the sink, to apply to his face and eye's so that he could see, these defendant's told plaintiff that they could not help him. Plaintiff aver that he was not permitted to take a shower to wash the chemical's from his face, eye's and body, or a clean change of clothing. Once the plaintiff was able to open his eyes, he noticed that he had no sheets or clean mattress in this special management cell, which was cell #12, on the special management unit #3 pod. Plaintiff aver that his assigned cell in the general population was, Delta #3, cell #7, and it was this cell location where plaintiff's cosmetic items, cloting, clean bedding, clean mattress, television, radio and all of his other personal property was located. Plaintiff was notified that he was not allowed to have any of his personal property items in his cell #12 in the Special Management Unit, while on SMS special management status, lock up, plaintiff aver that defendant Clifton R.McCalla told him this. Defendant McCalla, also stated to plaintiff that plaintiff could not have toilet tissue, soap, toothpaste, toothbrush, towel's, a change of outwear or underwear, pen, pencil or writing paper while on special management status (SMS), in the Special Management cell' there are no electrical outlet's or anything. Plaintiff was locked

-11-of-19-

in this cell for two weeks, no one came to talk to him or anything,
for those two weeks plaintiff itched and his skin becamse very irr-
itated as a result of the pepper mace not being properly washed off,
plaintiff needed a shower, plaintiff face was burned very badly
from the hot water that defendant's Kokas and Wilts put into his
face; plaintiff also had bumps and bruises in his face as a result
of defendant's punching and beating upon the plaintiff.

COUNT   IV.

A.    Plaintiff aver that on the same date of January 5,2007.,
at approximately 8:00 p.m., he was taken to the Treatment And Detention
facilities Investigator's office, Investigator, James C.Clayton, de-
fendant, and Security Therapist Aid IV, (STA IV), Tarry Williams de-
fendant asked the plaintiff a series of questions concerning the
unprovoked brutal assault and attack inflicted upon the plaintiff
on the north central recreational yard, plaintiff told these two
defendant's what happened on the north central yard, and how he was
brutally and physically attacked, plaintiff asked these two defendants
Clayton and Williams to take photographs and measurements of plaintiff's
injuries, plaintiff's request was denied, he also asked that resident
witnesses be called who where out on the north central yard, these
request made by plaintiff was denied, instead defendant's, James C.
Clayton and defendant, Tarry Williams assisted the defendant's who
physically assaulted the plaintiff in covering up the assault in
framing plaintiff with fraudulant incident reports, and Behavior
Committee report's against him. These defendant's reviewed the North
Central yard three (3) camera monitor's and observed this defendant's
named in COUNT I., of this complaint violently and physically ass-
aulting the plaintiff on the north central yard. Plaintiff aver
that defendant Tarry Williams is named as a defendant in a prior
§1983 civil rights complaint as named on II. Previous lawsuits,
Paragraph F., defendant Tarry Williams is alleged to have made
fraudulant reports against plaintiff, as a cover up for his and
other defendants physical and brutal attack inflicted upon the
plaintiff.

## COUNT V.

A.     Plaintiff aver that defendant's, Diane Dobier, Joe Proctor and Guy Groot are and were employed by the Liberty Healthcare Corp., which is a sub-contractor with the Illinois Department of Human Services, who provide's sex-offender's treatment to those persons committed under the sexually violent persons commitment Act, and custody control, care and treatment is turned over to these defendant's pursuant to 725 ILCS 207/40 (a), of that committed person. Defendant's Diane Dobier, Joe Proctor, Guy Groot and an unknown STA IV, who will be named upon the discovery of his or her identity. On the date of January 8,2007., defendant's Dobier, Proctor and an unknown STA IV, convened a Behavior Committee meeting regarding an alleged rule infraction by the plaintiff on the North Central recreational yard on the date of January 5,2007., a hearing was held, plaintiff never received a written notice of the charge's against him. Defendant's Diane Dobier and defendant Joe Proctor asked the plaintiff did he want to waive his written 24 hour notice, plaintiff told these defendants that he did not what to waive his (24 hour) notice of charges written against him, plaintiff told these defendant's that he had a right to a notice of charge's describing the conduct plaintiff is accused of so that plaintiff could marshal the facts, and present a defense at the behavior committee meeting. Defendant's Dobier and Proctor told the plaintiff, "since you don't want to waive your 24 hour notice, you will be locked in your cell." Plaintiff aver that on the same date of January 8,2007, after he was locked back in his cell on the special management unit, Security Therapist Aid II, (STA II), R.Kerr gave the plaintiff his (24 hour) behavior committee notice, plaintiff signed the notice to verify that he was issued a copy of the notice. Plaintiff aver that he was taken back to the Behavior Committee on the date of January 9,2007., defendant Joe Proctor, Guy Groot and an unknown STA IV, conducted the Behavior Committee hearing, at this hearing, plaintiff notified this Behavior Committee that the notice plaintiff was issued does not point out the rule that plaintiff is alleged to have violated, or which employee wrote the report against the plaintiff. Plaintiff was told that the Behavior Committee in Ruchville TDF, will determine the rule infraction based on the plaintiff's statement's to the comm-

ittee, plaintiff began to explain to the committee what accured on
the North Central recreational yard, and how plaintiff brutally and
physically assaulted. Plaintiff requested for the Behavior Committee
member's to review the three (3) north central camera monitor's,
plaintiff also requested that several witnesses be called to testify
to what they witnessed on the north central yard, plaintiff request
was denied by the Behavior Committee. Plaintiff aver that on the
date of January 10,2007., he again was taken before the Behavior
Committee concerning the committee's determination, should they
allow the plaintiff outside his lock down cell. Later the same
day plaintiff was notified that he was found in violation of a major
rule violation, "Dangerous Disturbance", as a result of this finding
by the Behavior Committee, plaintiff was given as punishment (30 days)
close supervision, " meaning that plaintiff had to live on the
Special Management unit, on unit restriction. Plaintiff was not
permitted to go outside for approximately "42 dats", plaintiff was
deprived of all of his personal property that was in his assigned
cell in the genral population. See Behavior Committee report, and
Behavior Committee meeting review and initial attached to this
complaint.

## COUNT  VI.

A.    Plaintiff aver that defendant's Thomas Monahan, Darrell
Sanders, and Sandra Simpson all had direct knowledge that the plain-
tiff was being held in the special management unit for a rule vio-
lation that plaintiff did not commit. Plaintiff sent a grievance
form to the grievance examinor, Sandra Simpson, and she turned a
blind eye by not writing any response to plaintiff's grievance.
Defendant Sandra Simpson could have reviewed the three (3) camera
monitor's on the north central yard and determined the truthfulness
of plaintiff's grievance, but defendant Simpson did not what to
perform her duties to investigate plaintiff's claims. Defendant
Thomas Monahan turned a blind eye to defendant's named in Count I.,
brutally and physically assaulting the plaintiff, defendant Monahan
was the Director of the Illinois Department of Human Services, Tre-
atment And Detention Facility. This defendant denied the plaintiff's
grievance without any response to plaintiff's allegations of the

unprovoked attack inflicted upon the plaintiff on the north central
yard by his subordinate employee security staff. Defendant Monahan
also blocked the plaintiff from appealing his grievance to the Pro-
gram Administrator, defendant Monahan as the Director had the power
to release the plaintiff from the special management unit, yet he
failed to do so. Plaintiff aver that defendant Darrell Sanders had
direct knowledge of plaintiff being physically and brutally assaulted
on the north central recreational yard, defendant Sanders was the
Director of Security of the Illinois Department of Human Services,
Treatment And Detention Facility. This Defendant reviewed the
north central yard camera monitor's, and observed plaintiff being
savagely attacked by defendant's named in Count I., of this complaint,
defendant Sanders turned a blind eye. This defendant could have
release the plaintiff from the special management lock down unit,
yet defendant Sanders helped defendant's cover this attack up by
up holding the false charge, as defendant Thomas Monahan had done.
**See grievance attached as Exhibit A.**

<u>COUNT</u>   **VII.**

A.    Plaintiff aver that defendant Carol L.Adams, is the Sec-
retary of the Illinois Department of Human Services, and as the Secre-
tary this defendant was given authority from the Sexually Violent
Persons Committee Act, to place plaintiff in an approved detention
facility by the Department, under 725 ILCS 207/30(a) of the SVP Act,
because the plaintiff is a pre-trial detainee who has not had a trial
by any court or jury. Defendant Carol L.Adams transferred the plain-
tiff to a Secured facility provided by the Department of Corrections
for the provision of a secure facility for persons committed under
paragraph (b)(2) of Section 40 of the SVP Act, 725 ILCS 207/50(b),
the Act allows for the discipline of any person who has had a trial
by the court or jury and it is determined that the person is a sex-
ually violent person, and the person is given a hearing before pla-
cement in institutional care in a Secure facility, the circuit court
must specify institutional care in a secure facility or conditional
release under, 725 ILCS 207/40(b)(2) after the person had a trial

and is committed by the court or jury to be sexually violent persons,
the plaintiff has not had any trial of any kind, defendant's Carol
L.Adams had no lawful authority to place plaintiff in a Secure
facility provided by the Department of Corrections for those per-
sons who are committed under 725 ILCS 207/40(b)(2), plaintiff would
not have been brutally and physically assaulted if defendant Adams
would have not transferred him to the secure facility.

<u>COUNT</u>  VIII.

A.    Issue a declaratory judgement stating that:

1.    The physical abuse of the plaintiff by defendant's
David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M.Leonard and Andrew
P.Duecker violated the plaintiff's Right's protected by the 14th.,
Amendment of the United States Constitution, Due Process Clause, and
the 8th., Amendment of the United States Constitution prohibition
against Cruel and unusual punishment, and constituted an assault and
battery under State law and thus a violation of Illinois State Con-
stitution.

2.    Defendant Clifton R.Mccalla failure to intervene and curb the
defendant's from physically abusing the plaintiff, when he was present
on the north central yard, before and after the attack, violated the
plaintiff's 14th., Amendment Constitutional Rights to Due Process of
law, and the plaintiff's 8th., Amendment United States Constitutional
Rights which prohibit's cruel and unusual punishment and Illinois
State Constitutional Rights of same.

3.    The physical abuse of plaintiff who was on the recreational yard
listening to his music, and not violating any facility rule or policy
for doing such, he did not pose a threat to himself, staff or any other
person, and for the sole reason that defendant's did not like his choice
of music and his race, in which plaintiff turned down his music and
retreated to the back of the facilities recreational yard, and he was
followed by defendant Brenda M.Leonard, to harass him because plaintiff
listened to music sha did not like, and because of plaintiff's race,
violated the plaintiff's 14th., Amendent United States Constitutional
Right's to Due Process of Law, where there exist no rule or regulation

that prohibited plaintiff from listening to his radio at any volume on the recreational yard, that allowed the defendant's to abuse him for the sole purpose of his race, constituted an assault, Hate Crime and aggravated battery under Illinois State Law.

4.    Defendant's action's of placing plaintiff in cell in the special management unit without any sheets, clean mattress, toliet tissue, under cloths, clean outerwear, toothbrush, toothpaste, his television radio, books, pen, pencil, writing papper and his other personal property violated the plaintiff's 14th., Amendment to the United States Constitution, and plaintiff's 8th., Amendment of the United States Constitution prohibition against Cruel and Unusual punishment.

5.    Defendant's actions in failing to provide adequent medical care for the plaintiff violated and continue to violate, the plaintiff's Rights under the 8th., Amendment to the United States Constitution, which is incorporated within the 14th., Amendment Due Process Clause.

6.    Defendant's placment of the Plaintiff within a Secure facility provided by the Department of Corrections, before the plaintiff had any trial or hearing where the circuit court specified institutional care in a secure facility provided by the Department of Corrections violate's Illinois Legislative intent, and violates the plaintiff's right to Due Process of Law, and plaintiff's Substantive Due Process Rights both under the 14., Amendment to the United States Constitution.

B.      Issue an injunctive ordering defendants and there agents acting in the behalf:

1.    Immediately arrange for the plaintiff to be examined by a qualified nuerologist physician.

2.    Immediately arrange for the plaintiff to be evaluated by a medical practitioner with the expertise in treatment and restoration of head, wrist, neck and back injury.

3.    Carry out without delay the treatment directed by such medical practitioner.

4.  Issue an injunctive ordering defendant's Diane Dobier, Joe Proctor and Guy Groot and/or the Liberty Healthcare Corp., to:

C.  1.  Expunge the disciplinary and/or the Behavior Committee and incident reports discribed in this complaint from the plaintiff's facility records.

D.  Award compensatory damages in the following amounts:

1. $200.000 jointly and severally against defendants David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M.Leonard and Andrew P.Duecker for the physical and emotional injuries sustained as a result of the plaintiff's beating.

2. $100.000 against the defendant Clifton R.McCalla for not intervening and curbing the physical assault by defendants.

3. $65.000 jointly and severally against the defendant's  Thomas Monahan, Darrell Sanders and Sandra Simpson for ignoring plaintiff's grievance complaint, and neglecting their duties to investigate plaintiff's illegal confinement to the special management unit.

4. $200.000 jointly and severally against the defendant's James C.Clayton and Tarry Williams for their participation in covering up the plaintiff's beating and not calling witnesses.

5. $20.000 jointly and severally against the defendant's Diane Dobier, Joe Proctor and Guy Groot for not giving plaintiff a notice of the rule he was alleged to have violated, not calling his witnesses, and covering up for the beating of plaintiff by finding him to guilty.

6. $50.000 jointly and severally against defendant's Nicole Newman and Lisa Brown for denial of adequate medical care.

E.  Award punitive damages in the following amounts:

1. $20.000 each against defendant's David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M.Leonard and Andrew P.Duecker for the beating.

2. $5.000 each against defendant's Nicole Newman and Lisa Brown for the denial of adequate medical care.

3.   $10.000 each against defendant's Diane Dobier, Joe Proctor and Guy Groot, because they members of the Behavior Committee and fraudulently found the plaintiff in violation and/or guilty in violation of his rights to Due Process of Law, and punishing the plaintiff.

4.   $5.000 each against defendants Thomas Monahan, Darrell Sanders and Sandra Simpson for condoning plaintiff's Due Process Constitutional Rights Violation, and for keeping plaintiff in Secure Special Management (SMS) lock down on close status, and for not investigating the beating and turning a blind eye to assist defendant's who beat the plaintiff in covering up the attack. And denial of plaintiff's grievance without any response to his claims and allegations.

5.   $10.000 each against defendants James C.Clayton and Tarry Williams for their cover up in falsifying reports to place the plaintiff at fault, to cover up for defendants who beat the plaintiff.

F.   **Grant** such other relief as it may appear that plaintiff is entitled.

(Date: *April 29, 2008* )

Respectfully Submitted by:
   Allen L. Moore

*Allen L. Moore*

Allen L. Moore, Acting **Pro-Se**
Illinois Department of Human Services,
Treatment And Detention Facility
R.R. # 1, Box 6-A
Rushville, Illinois 62681

This procedure has been self notarized under the penalty of perjury in accordance with Title 28, U.S.C.A. §1746, §1621. This <u>29th</u> day of April 2008. With my right finger thumb print I hereby mark as my signature.

ATTACHED EXHIBITS IN SUPPORT THEREOF



**State of Illinois**
**Department of Human Services**
**TDF RESIDENT GRIEVANCE**


*Exhibit A*

| Name of Resident: Allen L. Moore | ID# 864976 | Date of Incident Occurrence: 1-5-07 |
|---|---|---|

Date Received by Administration: 02 06 07 10

Grievance #: **02 07 GR 0119**

### Nature of Grievance

☐ Personal Property  ☒ Staff Conduct (Attempt to Resolve)  ☐ Mail Handling  ☐ Meals  ☐ Medical  ☒ Other (specify): *Physically assaulted by staff*

☐ Disciplinary Report:   Date of Report_____   (Attach copy of Notice of Appearance Before The Behavior Committee and Behavior Committee Decision, then forward to the Grievance Examiner.)

Use only this form to give a BRIEF Summary of Grievance: Complaint is being submitted on a brutal physical assault that occured on me by Capt. Kurfman, and other employees on 1-5-07 on the North Central yard at approx 3:35 pm. and the yards two (2) camera moniters captured the brutal and physical assault that was inflicted upon me by Capt. Kurfman, Capt. Kokas, Sgt. wilts, Sgt. Deucker and STA I. Lennard. While on the north central yard, I was asked by STA I. Lennard to turn down my radio in the front of the north central yard, I turned the radio down, And made additional steps to avoid this STA. Lennard by removing my radio and all of my personal property from the front of the yard and to the very end of the yard; North Central cameras recorded this. STA Lennard followed me to the end of the yard; and asked me "did she want her to call someone" I told her yes; And STA Lennard called on her department issued radio to all STA II and Captains that available. Capt. Kokas, Sgt. Wilts, and Sgt. Deucker came to the yard first, Sgt. Wilts questioned me as to why didn't I turned the radio down? I told Sgt. Wilts, that I turned the radio down and made additional steps to avoid STA Lennard, by moving the radio and all my personal belongings to the very end of the yard; And that STA Lennard followed me to harrass me. Sgt. Wilts, then went over to talk with Capt. Kokas, Sgt. Deucker and STA Lennard. At that time Capt. McCalla and Capt. Kurfman, came out to the yard, Capt. Kurfman, walked up to me with hand cuffs in his hand in a intimidating manner, demanded that I cuffed up with out first talking with the above named staff who already was addressing the matter, And sprayed me in my face with pepper mace, And while blinded staff began to brutally assault me physically, And I was placed in special Management for 30 days.

Relief Requested: Since their is no facility rule or regulation that prohibits pre-trial detained persons from listening to their radio's at any volume on the facilities yard, I want this behavior Committee report of Dangerous Disturbance expunged from all records.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Resident Signature: *Allen L. Moore*          Date: 2-2-07

IL462-5001 (R-4-04)          Distribution: Master File; Resident



**DEPARTMENT OF
HUMAN SERVICES**

**TREATMENT AND
DETENTION FACILITY**

### NOTICE OF APPEARANCE BEFORE THE BEHAVIOR COMMITTEE

**Resident:**  __Moore, Allen__          **DHS#**  __864976__

**Date and Time of Incident:** __1-5-07__    __Approximately 3:40pm__

**Nature of Incident/Potential Rule Violation: On the above date and time resident Moore
failed to follow a direct order from staff to turn down his radio, he became hostile and
defiant toward staff and made moves to physically harm staff.**

This notice is to inform you that the Behavior Committee will be meeting to review the incident
mentioned above.  This meeting is scheduled to occur on **1-9-07**or later, between the hours of
**10:00 AM** and **12:00 PM**.

You will be contacted by security staff during this time frame.  You will be asked if you wish to
appear before the Behavior Committee.  Attendance at a Behavior Committee meeting is
optional.  If you do plan to attend, please be prepared to appear when called to do so.  You may
present written documentation (i.e.: your own account of incident,  witness statements, etc.)  and
discuss the circumstances surrounding this incident.  Upon determination that a resident has
violated a rule, the Behavior Committee shall determine appropriate management status,
determine appropriate treatment recommendations, impose behavioral restrictions or any
combination thereof.

My signature below indicates that I have received notification of my scheduled appearance before
the Behavior Committee.

_Allen L. Moore_                          __1-8-07__
Resident Signature                       Date

_R. Kin_                                 __1-8-07__
Staff Signature                          Date

Date Notified: __1-8-07__          Time Notified: __11:30__

ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT & DETENTION FACILITY

## BEHAVIOR COMMITTEE MEETING REVIEW

NAME: Moore, Allen          DHS#: 864976          DATE OF REVIEW: _1/10/07_

DATE OF ADMISSION: _7-12-05_     MANAGEMENT STATUS: Temp Special (General)   PRIMARY THERAPIST: Proctor

Rule Violation: Pending further information          Date of Violation: 1-5-07

Description of Behavior since last: Resident received meals, snacks and took shower and day room time, no problems

Resident Addressed Behavior Committee: Yes/No (circle one, if not explain): _____

Resident Comments: _I'm claim giving _____ small of not ___ yesterday___

Behavioral History for the past six months: 1-9-07 Continued pending investigation (Removed from TS to Secure Management);
1-8-07 Trading & Trafficking - Minor; 10-24-06 Disobeying Direct Order - Minor;

Treatment Recommendation (if none, reason): _Pursuant to Primary Therapist_

Committee Decision: _Rule Violation: Dangerous Act (above)_
_Major Rule violation - Place on Close_
_Supervision. Unit Restriction for Thirty Days -_
_Review and acknowledge of not following staff_
_prompted orders. To implement - Discussion of_
_Internal Procedures and Review of multiple_
_incident Reports support change._

SIGNATURES: _____ W/TITLES: _Tom Landon_
_JW Proctor (Psy)_          _Team Leader_
_JHaage_          _Staff_

DATE OF REVIEW: _N/A_

cc: Master File, Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director, Security Director, Secure Management Log, Unit Director, Team Leader, Vocational Director Resident and AOD

ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT & DETENTION FACILITY

## BEHAVIOR COMMITTEE MEETING
## INITIAL

NAME: Moore, Allen          DHS#: 864976          DATE OF INITIAL MEETING: 1/8/07

DATE OF ADMISSION: 7-12-05     MANAGEMENT STATUS: Temp Secure (General)     PRIMARY THERAPIST: Proctor

Date Of Event: (1) 12-28-06     Approximately 12:20pm     (2) 1-5-07 At Approximately 3:40pm

Description Of Event: (1) On the above date and approximate time, resident Moore was passing tobacco and papers to another resident.

(2) On the above date and time resident Moore failed to follow a direct order from staff to turn down his radio, he became hostile and defiant toward staff and made moves to physically harm staff.

Resident Addressed Behavior Committee: Yes/No     Received 24 hour notification: Yes/No     Waived notification Yes/No/NA

Resident Comments: 1. Roger doesn't smoke - I was just leaning over to shake in nail.

2. Resident declined to talke about 2nd incident because he did not recieve 24 hr. once - He will retun tommorow.

Behavioral History for the past six month: no prior behavior incidents in the past six months

Determination Of Rule Violation: Trading & Trafficing - minor

Treatment Recommendation (if none, reason): Resident to discuss appropriateness of behavior with Primary Therapist

Committee Decision: Minor Violation no change in status

SIGNATURES: _____     TITLES: Team Leader
            _____             Staff
            Dave Proctor Ph.D               Team Leader

DATE OF REVIEW: _____ 1/9/07

cc: Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director; Security Director, Secure Management Log, Unit Directors, Vocational Director, Administrator On Duty and Resident

**ILLINOIS DEPARTMENT OF HUMAN SERVICES**
**TREATMENT & DETENTION FACILITY**

# BEHAVIOR COMMITTEE MEETING
## INITIAL

NAME: Moore, Allen     DHS#: 864976     ATE OF INITIAL MEETING: 1/9/07

DATE OF ADMISSION: 7-12-05     MANAGEMENT STATUS: Temp Secure (General)     PRIMARY THERAPIST: Proctor

Date Of Event: 1-5-07 At Approximately 3:40pm

Description Of Event: On the above date and time resident Moore failed to follow a direct order from staff to turn down his radio, he became hostile and defiant toward staff and made moves to physically harm staff.

Resident Addressed Behavior Committee: Yes/No     Received 24 hour notification Yes/No.     Waived notification Yes/No/NA)

Resident Comments: _"No I was I was on the yard - staff asked me to turn down his radio. I was on the end of the yard and turnit down his radio - the man told me to turn it down I stand up against the wall and ask them why I had to cuff up._

Behavioral History for the past six month: 1-8-07 Trading & Trafficking - Minor

Determination Of Rule Violation: Cup wried - pending review of staff reports and investigation.

Treatment Recommendation (if none, reason): _Remit to primary therapist._

Committee Decision: Determination of Rule violation was confirmed pending Review of staff reports and investigation. Resident Moore allowed Behavior Committee and hr MTF was stable - change from temporary secure management to secure management status on special management U.T.

SIGNATURES: _[signatures]_     TITLES: Team Leader
_[signature]_                       STAFF
_[signature] Proctor Psy D_         Team Leader

DATE OF REVIEW: 1/11/07

cc: Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director; Security Director, Secure Management Log, Unit Directors, Vocational Director, Administrator On Duty and Resident

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L.MOORE, )
)
    Plaintiff/Petitioner, )
)
  -V- )    Case No.  07-3324
)
THOMAS MONAHAN, DARRELL SANDERS, )
DAVID KURFMAN, VICKI KOKAS, )  Hon.Judge. Harold A. Baker
BRENDA WILTS, BRENDA M.LEONARD, )  Presiding.
ANDREW P.DUECKER, CLIFTON R.McCALLA, )
JAMES C.CLAYTON, TARRY WILLIAMS, )
SANDRA SIMPSON, DIANE DOBIER, )
JOE PROCTOR, GUY GROOT, NICOLE )
NEWMAN, LISA BROWN, CAROL L.ADAMS, )
AND VARIOUS OTHER DEFENDANT(S) THAT )
WILL BE NAMED UPON THE DISCOVERY OF )
THEIR IDENTITIES. )
)
    Defendant/Respondent(s). )
)

## PROOF OF SERVICE

To: Michael J. Lanzdorf, #6286675    To: James C. Vlahakis
    Assistant Attorney General          HINSHAW & CULBERTSON
    500 South Second Street           222 North LaSalle, Suite 500
    Springfield, Illinois 62706        Chicago, Illinois 60601
    Phone:(217)782-9056              Phone:(312)704-3000

      **PLEASE TAKE NOTICE** that on April 31, 2008., I
caused to be filed with the Clerk of the United States District Court
Central District of Illinois, Springfield Division, **AMENDED COMPLAINT,**
and **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT,** by placing said in an
envelope bearing first class United States Postage and mailed as said from
the address of Rural Route #1, Box 6-A, Rushville, Illinois 62681, to the
above named Court and Clerk thereof.

Allen L. Moore, Acting Pro-Se
Illinois Department of Human Services
Treatment And Detention Facility
R.R. #1, Box 6-A
Rushville, Illinois 62681

## CERTIFICATE OF SERVICE

    The undersigned states and certifies that an exact photocopy of the above
mentioned was served upon the aboved named at the address by depositing the
same in an envelope bearing first class United States Postage, and placed
said in the U.S. mail at the Treatment And Detention Facility, R.R. #1,
Box 6-A, Rushville, Illinois 62681.