E-FILED
Friday, 30 May, 2008 03:15:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,

    Plaintiff/Petitioner,

-V-

THOMAS MONAHAN, et al.,

    Defendant/Respondent(s).

Case No: 07-3324

Hon. Judge. Harold A. Baker

Presiding.

### MOTION TO DENY the "LIBERTY DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES the Plaintiff, Allen L. Moore, Acting Pro-Se and on behalf of himself, and respectfully moves this Honorable Court to deny " the Liberty Defendant's", Sandra Simpson, Diane Dobier and Joe Proctor's Opposition to Plaintiff's Motion to Compel. In support of this motion the Plaintiff states as follows:

1. That on March 25, 2008, the Plaintiff received a text order, stating that Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by August 1, 2008, and that Discovery closes September 30, 2008. (See, annexed to this Motion a copy of said Text Order dated 3/25/08).

2. Defendant's Introduction I., were the "Liberty Defendant's", mention's the Plaintiff's suit pending in the Northern District of Illinois, where the plaintiff has been appointed counsel, has nothing to do at all with this action pending here in the United States District Court for the Central Division, of Illinois, plaintiff refusal to sign his name to a consent to sex-offender's treatment has nothing to do with the Plaintiff seeking production of Document's from the "Liberty Defendant's".

3. Plaintiff's production of ducument request where and are not premature, since the Court ordered that the Plaintiff shall disclose expert witnesses and expert testimony pursuant to to requirement's of F.R.C.P. 26(a)(2) by August 1, 2008. Plaintiff has no other possible way to meet

this Honorable Court's request and deadline, because plaintiff is as if he is a segregated prisoner, Plaintiff has already motioned this Court for the Appointment of Counsel, Plaintiff note's that to request the production of document's may appear unusual at this stage plaintiff need's these document's and records to determine who may be his expert witnesses and who will give expert testimony pursuant to F.R.C.P. 26 (a)(2).

4. Plaintiff is not a Attorney, he is not skilled or even posses the knowledge to engage the "Liberty Defendant's", in any pre-motion discourse with said counsel.

5. That the "Liberty Defendant', counsel within 30 days, pursuant to F.R.C.P. 34., to either produce the Document's that plaintiff requested by provideing the plaintiff with copies or making them available to the plaintiff for inspection. Plaintiff mailed this Request off to the Liberty Defendant's Attorney by United States mail service on April 8,2008, not counting the tree (3) days that shall be added to the prescribed period pursunat to F.R.C.P. 6(e), this would have given the Liberty Defendant's until May 11,2008, and not May 12,2008 as they suggest, to give a response.

6. Anything the Plaintiff requested in his Production of Document's that the "Liberty Defendant's", deems outside their control, they could have notified the Plaintiff of this dufficulty, and the Plaintiff could have addressed the Court as to whether Counsel would need to be appointed to assist the Plaintiff in determining what is outside the "Liberty Defendant"s, control and what is not outside of their control.

7. That altough Liberty Defendant's, Dobier and Proctor holds to the fact that they where team leaders, who provide and/or supervise the delivery of sex offender specific treatment to consenting resident's, these Liberty Defendant's convened behavior Committee meeting's as named in the Plaintiff's complaint. They had access to all written incident reports, vedio camera recording's, any and all witness statement, this include's staff and resident's account's of this incident to support their findings in accordance with due process of law.

8. Plaintiff further Strike's the "Liberty Defendant's ", belief that they have authority over him to perform anykind of treatment or hearing before the Behavior Committee, Subsection 725 ILCS 207/40 (a), Only fter the Court or jury determines after a trial that the person is a sexually violent person, the court shall order the person to be committed to the **custody,** of the Department for **control, care and treatment** until such time as the person is no longer a sexually violent person. Plaintiff has not had any trial under Subsection 725 ILCS 207/35(f), it has not been determined by any court jury that the Plaintiff is a sexually violent persons committed to the custody of the Department for control care and treatment. No Court has even specified in any commitment order Subsection 725 ILCS 207/40(b)(2) that the Plaintiff was to be placed in institional care in a Secure facility, because the Plaintiff never had any trial declaring him a sexually violent person, the "Liberty Defendant", function's as team leader's are to care for thos person who have been placed in their custody within the Department for control, care and treatment after that person has had a trial by the court or jury and it has been determinied that the person does in fact suffer's from a mental disorder, that inturn makes the person a sexually violent person, and not force any of their therapetic treatment upon the Plaintiff this includes their behavior committee and all their various level of status's, the Plaintiff according to Illinois Legislative intent was to be held in an approved detention facility by the Department under Subsection 725 ILCS 207/30(a) until he has been discharge after a trial under Section 35 of this Act or until the effective date of a committee order under Section 40 of this Act, nether has taken place with plaintiff, he Defendant's had no lawful authority to place the plaintiff in institutional care in a Secure facility without a trial or hearing under Subsection 40(b)(2) in a Secure facility provided by the Department of Correction,s for those persons who have been found by a court or jury to be sexually violent persons, the Liberty Defendant's must produce all document's that they relied at their behavior committee meeting that found the plaintiff in violation of Dangerous Disstrubance, in violation of the Plaintiff's due process constitutional rights

9. The "Liberty Defendant", Sandra Simpon, is the Grievance Examinor, Plaintiff is completely aware that she does not provide medical care or

treatment and the Plaintiff never insinuated that she did. However Plaitiff does state that Simpson is the Grievance Examinor here at the Illinoi Department of Human Services, Treatment And Detention Facility, to process grievance complaint's mailed to her by resident's and pre-trial detainee's, Sandra Simpson is not being sued because she denies grievances, Defendant Simpson is an official who can be held liable under 42 U.S.C. § 1983 for failing to respond to violations of the Plaintiff's constitutional right's that came to her attention via the grievance process, This is a consequence of the official's duty under federal law to prevent and remedy the contitional right's violations, Defendant Simpson did not have to respond to the plaintiff grievance complaint, but she did have a duty to investigate the claims made by the plaintiff that resulted in his constitutional right's being violated, therefore the Plaintiff still request any and all grievances, written complaint's and/or letters, written by the plaintiff to the responding persons, with the complete disposition taken by each responding persons, including the former facility Director, Thomas Monahan, Former Security Director Darrell Sanders, herself Grievance Examnor Sandra Simson, any logs or notes or documentation and/or statements documented by the Liberty Behavior Management Employee's or any witnesses, the document's must be produced.

10. The "Liberty Defendant's", claim that they can-not provide me with medical records, from files held at the Illinois Departent of Human Services, Treatment And Detention Facility, should be striken, although they are contracted by the DHS, they are Defendant's in this action and has access and/or control over plaintiff's progress notes, that will show what injuries plaintiff suffur from, around what time these injuries started, and the treatment's that the Plaintiff received for the ongoing injuries.

11. The "Liberty Defendant's", claims that they don't maintain or operate the security cameras, Plaintiff does not no if that's the truth, this matter can-not just be put off on the DHS Defendant's, Because the "Liberty Defendant's", and DHS Defendants are named in this action, so since that the case the Liberty Defendant's can work with the DHS Defendant's retrive Plaintiff's requested three (3) north centraL yard camera monator's, and any other audio/visual including all logs and nots.

12. The "Liberty Defendant's", Attorney Represent's Diane Dobier, Sandra Simpon, and Joe Proctor at this time, and has not entered an appearance on behalf of the DHS Defendant's and has no standing concerning the Plaintiff's request for production of document's from these defendants.

13. Plaintiff's request are not overly broad and overburdensome, all items, and document's requested by Plaintiff is limited to the Plaintiff, Plaintiff never stated he seek's records related to all residents at the Treatment Facility, this should be srriken, because the Liberty Defendants are clearly tring to mis-lead this Honorable Court.

WHEREFORE, for all the above stated reasons, Plaintiff, Allen L. Moore, prays that this Honorable Court will deny the "Liberty Defendant's Opposition to Plaintiff's Motion To Compel. And any other relief this Court deems appropriate.

(Date: May 29, 2008)

Respectfully submitted By:
   Alllen L.Moore

Allen L.Moore, Acting Pro-Se
Illinois Department of Human Services
Treatment And Detention Facility
R.R. #1, Box 6-A
Rushville, Illinois 62681

This procedure has been self notarized under the penalty of perjury in accordance with title 28, U.S.C.A. §1746, §1621. This 29th day of May 2008.

MARKED AS EXHIBIT A

3:07-cv-03324-HAB-CHE  # 35  Page 6 of 8

**Other Orders/Judgments**
3:07-cv-03324-HAB-CHE Moore v. Monahan et al
37, PRISONER, REFER

U.S. District Court

CENTRAL DISTRICT OF ILLINOIS

**Notice of Electronic Filing**

The following transaction was entered on 3/25/2008 at 12:58 PM CDT and filed on 3/25/2008

Docket Text:
TEXT ORDER: All the defendants have been served and no motions are pending. Thus, the status conference set for April 3, 2008, is cancelled as unnecessary. The clerk is directed to inform the plaintiff's place of detention of the cancellation. The following deadlines are set: Answers for all defendants due April 21, 2008; Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by July 1, 2008. Defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by August 1, 2008. Discovery closes September 30, 2008. Dispositive motions are due October 31, 2008. Written discovery must be served on a party at least 30 days before the discovery deadline. Motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request, except for good cause shown. Entered by Judge Harold A. Baker on 3/25/08. (ME, ilcd)

**3:07-cv-3324 Notice has been electronically mailed to:**

James Constantine Vlahahakis    jvlahakis@hinshawlaw.com, jvlahakis@sbcglobal.net

**3:07-cv-3324 Notice has been delivered by other means to:**

Allen L Moore
864976
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1, Box 6A
Rushville, IL 62681

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,

    Plaintiff,

-V-

THOMAS MONAHAN, et al.,

    Defendant(s).

Case No. 07-3324

Hon. Judge. Harold A. Baker
Presiding.

FILED
MAY 30 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### PROOF OF SERVICE

To: James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601

To: Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

    PLEASE TAKE NOTICE that on May 29, 2008., I caused to be filed with the Clerk of the United States District Court for the Central District, Springfield Division, MOTION TO DENY the "LIBERTY DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, by placing said in an envelope bearing sufficient first class U.S. postage, and mailed sa said from the address of Rural Route #1, Box 6-A, Rushville, Illininois 62681 to the above named Court and Clerk thereof.

Allen L. Moore, acting Pro-Se
Illinois Dept. of Human Services
Treatment & Detention Facility
R.R. # 1, Box 6-A
Rushville, Illinois 62681

### CERTIFICATE OF SERVICE

    The undersigned states and certifies that an exact photocopy of the aboved mentioned was served upon the aboved named by depositing the same in an envelope bearing sufficient first class U.S. postage, and placed in the U.S. mail box located at the Illinois Dept. of Human Services, Treatment And Detention Facility, R.R.#1, Box 6-A, Rushville, Illinois 62681, on the date of May 29, 2008.

*/s/ Allen L. Moore*

STATE OF ILLINOIS ) 
COUNTY OF SCHUYLER ) SS.

FILED
MAY 3 0 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### AFFIDAVIT AND PROOF OF SERVICE

I, Allen L. Moore, being first duly sworn upon my oath depose and says:

1. On May 29, 2008, I did mail an exact photocopy of the attached letter dated May 28, 2008, to the Clerk of the United States District Court, Central District of Illinois, Springfield Division, by depositing the above mentioned letter in an envelope bearing sufficient First Class United States Postage, and thereby placed said letter in the U.S. mail box located at the address of: Illinois Dept. of Human Services, Treatment & Detention Facility, R.R.#1, Box 6-A, Rushville, Illinois 62681.

2. That the original letter I have kept for my personal records.

Any further affidavit said herein, I your affiant Allen L. Moore, say it not.

_____
Affiant

This procedure has been self notarized under the penalty of Purjury and in accordance with title 28, U.S.C.A. §1746, §1621. This 28th day of May 2008.

From: Allen L. Moore
Illinois Department of Human Services
Treatment And Detention Facility
R.R. #1, Box 6-A
Rushville, Illinois 62681

PAGE ONE OF TWO
WITH AFFIDAVIT AND
PROOF OF SERVICE
ATTACHED

To: Mrs. Pamela E. Robinson, CLERK
Central District of Illinois
CLERK's OFFICE
U.S. District Court
600 E. Monroe - Room 151
Springfield, Illinois 62701

Date: May 28, 2008

RE: Allen L. Moore, -v- Thomas Monahan, et al., Case No. 07-3324

Dear Mrs. Pamela E. Robinson, Clerk:

Please TAKE NOTICE that I have enclosed to be stamped filed one (1) original and four (4) photocopies of, "MOTION TO DENY the "Liberty Defendant's OPPOSITIONS TO PLAINTIFF'S MOTION TO COMPEL". For a complete total of five (5). PROOF OF SERVICE AND CERTIFICATE OF SERVICE is attached to each MOTION to be stamped filed AND RECEIVED.

THERE is a COPY to be stamped Filed and received for the Court and the CLERK Files, plus an extra photocopy.

And there is a copy to be stamped filed and to be returned to me in the enclosed self-addressed envelope complete with sufficient Postage.

AFFIDAVIT AND PROOF OF
SERVICE ATTACHED

Respectfully Submitted by:
Allen L. Moore
_Allen L. Moore_
Allen L. Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment And Detention Facility
R.R. #1, Box 6-A
Rushville, Illinois 62681