**E-FILED**
Monday, 04 August, 2008  04:19:15 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN  L.  MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 07-3324 |
| | ) | |
| THOMAS MONAHAN, DARRELL SANDERS, | ) | |
| DAVID KURFMAN, VICKI KOKAS, BRENDA | ) | |
| WILTS, BRENDA M. LEONARD, ANDREW | ) | |
| P. DUECKER, CLIFTON R. McCALLA, | ) | |
| JAMES C. CLAYTON, TARRY WILLIAMS, | ) | |
| SANDRA SIMPSON, DIANE DOBIER, | ) | |
| JOE PROCTOR, and various other | ) | |
| defendants that will be named upon the | ) | |
| discovery of their identities, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the Defendants, JAMES CLAYTON, ANDREW DUECKER, VICKI KOKAS, DAVID KURFMAN, BRENDA LEONARD, CLIFTON McCALLA, THOMAS MONAHAN, DARRELL SANDERS, TARRY WILLIAMS, and BRENDA WILTS, and hereby answer Plaintiff's Amended Complaint as follows:

I.  JURISDICTION

A.    Defendants admit that jurisdiction is based on 28 U.S. C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 1983, but deny that any constitutional violation took place.

B.    Defendants admit the allegations contained in paragraph B.

C.    Defendants admit the allegations contained in paragraph C.

D.    Defendants admit the allegations contained in paragraph D.

E.    Defendants admit the allegations contained in paragraph E.

F.    Defendants admit the allegations contained in paragraph F.

G.    No answer required.

H.    No answer required.

1.    Defendants admit  that Defendant Kurfman was  and is a Security Therapist Aide-IV with the rank and title of Captain at the Rushville Treatment & Detention Facility. Defendants admit that Defendant Kurfman is being sued in his individual and personal capacity.

2.    Defendants admit that Defendant Kokas  was and is a Security Therapist Aide-IV with the rank and title of Captain at the Rushville Treatment & Detention Facility.  Defendants admit that Defendant Kokas is being sued in her individual and personal capacity.

3.    Defendants admit that Defendant Wilts was and is a Security Therapist Aide-II with the rank and title of Sergeant at the Rushville Treatment & Detention Facility.  Defendants admit that Defendant Wilts is being sued in her individual and official capacity.

4.    Defendants admit that Defendant Leonard was and is a Security Therapist Aide-I at the Rushville Treatment & Detention Facility.  Defendants admit that Defendant Leonard is being sued in her individual and official capacity.

5.    Defendants admit that Defendant Duecker was and is a Security Therapist Aide-II with the rank and title of Sergeant at the Rushville Treatment & Detention Facility.  Defendants admit that Defendant Duecker is being sued in his individual and official capacity.

6.    Defendants admit that Defendant McCalla was and is a Security Therapist Aide-IV with the rank and title of Captain at the Rushville Treatment & Detention Facility. Defendants admit that Defendant McCalla is being sued in his individual and official capacity.

7.    Defendants admit that Defendant Clayton was and is an Internal Affairs Investigator at the Rushville Treatment & Detention Facility.  Defendants admit that Defendant Clayton is being sued in his individual and official capacity.

8.    Defendants admit that Defendant Williams was and is a Security Therapist Aide-IV with the rank and title of Captain at the Rushville Treatment & Detention Facility. Defendants admit that Defendant Williams is being sued in his individual and official capacity.

2

I.      Defendants admit the allegations contained in paragraph I.

J.      Defendants admit that Defendants Newman and Brown were employed by Addus Healthcare, Inc., which was a subcontractor with the Illinois Department of Human Services. Defendants admit that Defendants Newman and Brown are employed by Wexford Health Sources which is a subcontractor with the Illinois Department of Human Services. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph J.

K.      Defendants admit that Defendants Dobier, Proctor, Simpson, and Groot are and were employed by Liberty Healthcare Corporation which is a subcontractor with the Illinois Department of Human Services. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph K.

L.      Defendants admit that Defendant Adams was and is the Secretary of the Illinois Department of Human Services. Defendants admit that Defendant Adams is being sued in her individual.

II.     PREVIOUS LAWSUITS

Defendants admit that Plaintiff has made statements concerning previous lawsuits but lack sufficient knowledge or information to either admit or deny whether Plaintiff's statements are accurate and complete.

III.    GRIEVANCE PROCEDURE

Defendants admit that Plaintiff has made statements concerning his compliance with the administrative grievance procedure, but lack sufficient knowledge or information to admit or deny whether Plaintiff's statements are accurate and complete.

**STATEMENT OF CLAIMS**

**COUNT I**

A.      Defendants admit that Plaintiff was admitted to the Rushville Treatment and Detention Facility on July 12, 2005.  Defendants admit that Plaintiff is in the custody of the Illinois Department of Human Services pursuant to the Illinois Sexually Violent Persons Commitment Act.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that, on January 5, 2007, Plaintiff was given a direct order from staff to turn down his radio.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts deny that Plaintiff complied with direct orders from staff to turn down his radio.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts deny that Plaintiff did not pose any kind of threat to himself, staff, or other residents.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts deny that Plaintiff's constitutional rights were violated.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph A.

B.      Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that Plaintiff, while located in the North Central yard on January 5, 2007, failed to follow a direct order from staff to turn down his radio.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that there were four other residents present in the North Central yard when Plaintiff failed to follow a direct order from staff to turn down his radio and that those other residents were ordered to leave the yard.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that Defendant Kurfman applied pepper spray to Plaintiff's face after Plaintiff became hostile and defiant toward staff and made moves to physically harm staff.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that the force used was the type authorized for security purposes in a good-faith effort to maintain discipline.  Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that Plaintiff was

4

escorted to the healthcare unit for medical attention. Defendants admit that Plaintiff is in the custody of the Illinois Department of Human Services pursuant to the Illinois Sexually Violent Persons Commitment Act and that said act is civil. Defendants Monahan, Sanders, Clayton, and Williams lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph B. Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts deny the remaining allegations contained in paragraph B.

C.    Defendants Monahan, Sanders, Clayton, and Williams lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph C. Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that, on January 5, 2007, Plaintiff's eyes were rinsed out with water and that Plaintiff complained that he could not breathe. Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that Plaintiff was escorted to the healthcare unit for medical attention. Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts deny the remaining allegations contained in paragraph C.

## COUNT II

A.    Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that Plaintiff was escorted to the healthcare unit for medical attention and, thereafter, escorted to special management. Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts deny that Plaintiff's constitutional rights were violated and that they used force against Plaintiff maliciously and sadistically for the purpose of causing harm. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph A.

## COUNT III

A.    Defendants Kurfman, Leonard, Duecker, McCalla, Kokas, and Wilts admit that Plaintiff was escorted to special management. Defendants Kurfman, Leonard, Duecker,

McCalla, Kokas, and Wilts deny that Plaintiff's constitutional rights were violated and that they used force against Plaintiff maliciously and sadistically for the purpose of causing harm. Defendant McCalla admits that Plaintiff's access to personal property was limited during his confinement in special management.  Defendant McCalla denies that Plaintiff was impermissibly denied access to toilet tissue, soap, toothpaste, towels, and other necessities for the duration of his confinement in special management.  Defendants deny that Plaintiff was denied access to shower for the duration of his confinement in special management. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph A.

## COUNT IV

A.     Defendants Clayton and Williams deny that they interfered with an inquiry and/or investigation into Plaintiff's complaints concerning the events of January 5, 2007.  Defendants Clayton and Williams deny that they assisted any security staff employees in covering up an unlawful assault of Plaintiff and that they framed Plaintiff with fraudulent incident reports. Defendants Clayton and Williams deny that Plaintiff presented any injuries that required documentation and that Plaintiff asked to have photographs and measurements taken. Defendants Clayton and Williams deny that they observed Plaintiff being violently and physically assaulted in the North Central recreational yard.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph A.

## COUNT V

A.     Count V is brought against various Liberty Healthcare Corporation employees and are not brought against these Defendants; accordingly, no answer is required.

## COUNT VI

A.     Defendants Williams and Clayton deny that they had direct knowledge that Plaintiff was being held in the special management unit for a rule violation that he did not commit.  Defendant Williams, Clayton, Monahan, and Sanders deny that they had direct knowledge that Plaintiff had been physically and brutally assaulted and that they impermissibly failed to intervene or to overturn unwarranted discipline imposed upon Plaintiff.  Defendants Williams, Clayton, Monahan, and Sanders deny that they interfered with an inquiry and/or investigation into Plaintiff's complaints concerning the events of January 5, 2007.  Defendants deny that Plaintiff's constitutional rights were violated.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph A.

## COUNT VII

A.     Count VII is brought against Defendant Carol Adams and is not brought against these Defendants; accordingly, no answer is required.

## RELIEF REQUESTED

A.     Defendants deny that Plaintiff is entitled to declaratory relief.

B.     Defendants deny that Plaintiff is entitled to injunctive relief.

C.     Defendants deny that Plaintiff is entitled to injunctive relief.

D.     Defendants deny that Plaintiff is entitled to compensatory damages.

E.     Defendants deny that Plaintiff is entitled to punitive damages.

F.     Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1.     At all times relevant to Plaintiff's claims, Defendants acted in good faith in the performance of their official duties without violating Plaintiff's clearly established constitutional rights.  Defendants are protected from liability by the doctrine of qualified immunity.

2.    Plaintiff's cause of action against Defendants is barred by public official immunity.

3.    Plaintiff's cause of action against Defendants is barred by sovereign immunity.

Respectfully submitted,

JAMES CLAYTON, ANDREW DUECKER,
VICKI KOKAS, DAVID KURFMAN,
BRENDA LEONARD, CLIFTON MCCALLA,
THOMAS MONAHAN, DARRELL SANDERS,
TARRY WILLIAMS, and BRENDA WILTS,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for the Defendants,


___s/ Michael J. Lanzdorf_____
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| ALLEN L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 07-3324 |
| | ) | |
| THOMAS MONAHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on August 4, 2008, I electronically filed Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Allen L. Moore, 864976
IL Dept. of Human Services
Treatment & Detention Facility
R. R. #1, Box 6A
Rushville, IL 62681

                            Respectfully submitted,

                            s/ Michael J. Lanzdorf
                            Michael J. Lanzdorf, #6286675
                            Assistant Attorney General
                            500 South Second Street
                            Springfield, IL   62706
                            Phone: (217) 782-9056
                            Fax: (217) 782 -8767
                            E-Mail: mlanzdorf@atg.state.il.us