E-FILED
Thursday, 28 August, 2008 04:55:23 PM
Clerk, U.S. District Court, ILCD

FILED
AUG 2 8 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN L. MOORE, | ) | |
| Plaintiff, | ) | Case No. 07-3324 |
| v. | ) | Hon. Judge. HAROLD A. BAKER |
| THOMAS MONAHAN, et al., | ) | Presiding. |
| Defendant(s). | ) | |

MOTION TO COMPEL PRODUCTION OF DOCUMENT'S

NOW COMES the Plaintiff, ALLEN L. MOORE, Acting Pro-Se and on behalf of himself, respectfully request pursuant to 37(a)(2), of the Fed. R. Civ. P., for an Order Compelling Defendant's, Thomas Monahan, Darrell Sanders, David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M.Leonard, Andrew P.Dueker, Clifton R.McCalla, James C.Clayton, and Tarry Williams to produce the document's Plaintiff requested. In support of this motion, Plaintiff states as follows:

STATEMENT OF THE CASE

This is a §1983 action filed by a pre-trial detained person at the Illinois Department of Human Services, Treatment and Detention Facility in Rushville, Illinois, Schuyler County, Illinois seeking damages, declatory judgment, and injunctive relief based on the use of excessive force, discrimination based on race, denial of medical care, inhumane conditions of confinement, and procedural due process violations in relation to disciplinary punishment.

STATEMENT OF FACTS

On April 24,2008, the plaintiff filed a request for production of documents pursuant to Rule 34, of Fed. R. of Civ. P., Plaintiff received no response at all from the aboved named defendants or their counsel. On May 24,2008, the plaintiff again filed a request for the production of documents from defendants and their counsel pursuant to F. R. Civ. P. As set forth in the plaintiff's affidavit, the Defendant's motioned this Court for for an extention of time. On July 31,2008, this Court granted defendants extension of time. When Defendant's did respond to the Pla-

intiff's request, Defendant's objected to most of the Plaintiff's request. In spite of this, on July 1,2008, the plaintiff filed his second request for the production of document's pursuant to Rule 34 of the Fed. R. Civ. P, in order to clarify and make more clear the document's plaintiff wanted Defendant's to produce for his inspection. Defendant's then motioned this Honorable Court for an extention of time. This Court granted Defendant's request for an extention of time on August 8,2008. Defendant's served a response in which they objected to most of the plaintiff's request, Defendant's refered plaintiff to see attached Bates-stamped documents that were not attached to their response.

ARGUMENT

DEFENDANT'S FEFUSE TO TO TURN OVER TO PLAINTIFF DOCUMENT'S THAT ARE DETRIMENTAL TO PLAINTIFF PROVING HIS CASE

The Defendant's objects to most of the Plaintiff's request as being overly broad, vague, and confusing. Defendant's refuse to allow the Plaintiff to inspect the video and audio recordings of the attack upon him by the Defendant's citing that their basis that release of video and audio recordings to Plaintiff would threaten the safety and security of patients and staff. Then Defendant's claim that they do not have a video recording of the January 5,2007, incident involving Plaintiff, in their possession or control. Plaintiff need's to review these video recordings to refute the allegations made by Defendant's that plaintiff made moves toward physically assualting staff, and therefore had to be sprayed with pepper mace and subdued. These three (3) camera monitor's from the North Central recreational yard, from the date of January 5, 2007, will discount the security staff falsified account of the incident inwhich plaintiff was physically and brutally assaulted. This discovery request by the plaintiff is relevant to the claims and defenses in the case.

POINT II

PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENT'S SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES IN THE CASE

Defendant's belated objections state that the documents requested by the plaintiff are irrelevant to the action. Their argument is frivolous. Defendant's refuse to turn over to the plaintiff for inspection all investigative reports taken of Defendant's, other employee staff, resident and pre-trial detainee witnesses who gave statement's in Defendant's James C.Clayton and Defendant, Tarry Williams investigation on the incident on the North Central Recreational yard, January 5,2007, the reason for Defendant's refusal and objection is because they claim on the basis of law enforcement investigatory privilege and because the release of these investigative reports would threaton the safety and security at the Rushville, Treatment & Detention Facility. Defendant's also constantly directs the plaintiff to see Bates-stamped document 00112. There is no such document attched to Defendant's response.

Rule 26, of the Fed. R.Civ.P., permits discovery of matters "relevant to the subject matter involved in the pending action. It is not ground for objection that information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted);accord,Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D.Iowa 1992). Discovery request should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co., Inc.,60 F.R.D. 164, 171 (D.Del. 1973; see Nash v. Thielke, 743 F.Supp. 130 (E.D.Wis.1990). Defendant's do not have any law enforcement powers whatsoever, Defendant's are not sworn in as law enforcement officers or Correctional Officers. Plaintiff is not serving any sentence. See section 50(b) of the Sexually Violent Persons Commitment Act, 725 ILCS 207/1 et. seq., ("the ACT"), a Secure facility is run by the Department (DHS), under this Act. Although the Department came into an agreement with the Illinois Department of Corrections for the provisions of a Secure facility. Defendant's can not escape turning over to plaintiff all investigative reports made by Defendant's who were involved in the attack upon the

Plaintiff, other employee staff who may have seen the incident or other resident or pre-trial detainee's who witnessesed the incident on the basis of false and fabricated claim that they object on the basis of the law enforcement investigatory privilege and the release of these ivestigative reports to plaintiff would threaten the safety and security at the Rushville Treatment and Detention Facility. Defendant's recognized the important's of keeping and maintaining investigative reports made by Defendants, other employee's, residents and pre-trial detainee's inregards to the incident on the North Central recreational yard January 5,2007., But appears to have not recognized the importance of keeping and maintaining the video recordings of the incident of January 5,2007.

Each item sought by the plaintiff is relevant to the claims and defenses in the case.

Defendant's directs Plaintiff constantly to see Bates-stamped documents 00089-00112. There is no Bates stamped document 00089-00112

A. Defendant's response to plaintiff's M., of his second request for the production of document's reveals that Defendant's have video in there possession where they claim reflects plaintiff was given recreational yard while on the Special management unit, on SMS status, and close status. Defendant's states that they object to request M on the basis that the release of video recordings to Plaintiff would threaten the safety and security of patients and staff, and that Defendant's will make the responsive video recordings, to the extent they exist, available at trial. Any evidence the Defendant's have in there possession that the plaintiff requested for inspection, and evidence Defendant's states that they will produce at trial, the plaintiff has a right to this evidence or Defendant's can not use it at trial. This video sought by the plaintiff is relevant to claims and defenses in this case.

B. Request J, and K, of the plaintiff's second request for the production of documents, request for inspection of any and all logs, notes, or other documentation created by any contractual managed Heathcare Provider and/or personnel regarding all x-rays taken of the plaintiff, any and all outside of the Department Hospital Appointments, any and

all treatments of plaintiff's injuries he received, including all prescribed medications, other documentation reflecting the plaintiff's medical record, notices placed in plaintiff's medical records, which were kept of the plaintiff while he was a pre-trial detained person at the Illinois Department of Human Services, Treatment and Detention Facility. Defendants responded that plaintiff may access his medical records from a more convenient source. Residents may request and receive copies of their medical records from the Rushville Treatment & Detention Facility after they have signed a medical release form. Residents do not have an unlimited and automatic right to free copies of their medical records.

Plaintiff's medical records are more easily accessed and obtained by the Defendant and the Department of Human Services ("DHS"). Plaintiff request the production of his medical records from Defendants because plaintiff's medical records related to matters set forth in his complaint are in the custody of ("DHS"). These medical records sought by the plaintiff are relevant to the claims and defenses in this case.

WHEREFORE, For all of the foregoing reasons, Plaintiff, Allen L. Moore, prays that this Honorable Court will Compel the Defendant's as named herein to produce all of the document's plaintiff requested that he needs to inspect. And any other relief this Court deems is appropriate.

Date: August 26, 2008

Respectfully Submitted By,
Allen L. Moore

Allen L. Moore

Allen L. Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment and Detention Facility
R.R. # 1, Box 6-A
Rushville, IL 62681

STATE OF ILLINOIS )
) SS.
COUNTY OF SCHUYLER)

AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

I, ALLEN L.MOORE, being first duly sworn upon my oath deposes and says:

1. I am the plaintiff in this case. I make this affidavit in support of my motion to compel production of documents.

2. On April 24,2008, I served on counsel for Defendant's, plaintiff's request for the production of document's. See, attached Proof of Service attached to this affidavit as Exhibit A.

3. Plaintiff never received any response from counsel for the Defendant's on plaintiff's April 24,2008, request for the production of documents.

4. On May 22,2008, Iserved upon counsel for the Defendant's a subsequent request for the production of documents, because his first request went unanswered. See, attached Proof of Service attached to this affidavit as Exhibit B.

5. Counsel for the Defendant's moved the Court for an enlargement of time. On July 31,2008, the Court granted Defendant's an extention of time. See, attached a copy of this Order, annexed to this affidavit marked as Exhibit C.

6. On June 24,2008, Plaintiff received Defendant's response's to his first set of production of document's. Defendant's were uncooperative in meeting plaintiff's request for production of document's on most of his request, ojecting citing that many of the plaintiff's request were overly broad, vague, and confusing. Defendant's speaks as if an video or audio exsist of the January 5,2007, incident, and objected

to mailing it to plaintiff to inspect, because Defendant's states the release of this video or audio to plaintiff would threaten the safety and security of patients and staff. Defendant's refused to turn over to the plaintiff his medical records, objecting that this request by plaintiff is irrelevant to plaintiff's lawsuit, and not reasonably calculated to lead to admissible evidence.

7. On July 1,2008, the plaintiff mailed to counsel for the Defendant's his second request for the production of document's, mainly to make clear to counsel for Defendant's what document's the plaintiff wanted to inspect. See, annexed to this Affidavit, maked as Exhibit D., Proof of Service.

8. Counsel for Defendant's motioned the Court for an enlargement of time to produce to production of documents requested by the plaintiff. On August 8,2008, the Court granted Defendant's request. See, annexed to this affidavit a copy of this Order, attached as Exhibit E.

9. On August 23,2008, Counsel for Defendant's responsed to plaintiff's second request for the production of document's. Counsel for Defendant's, claims a new defense in preventing the plaintiff from obtaining the second request for production of document's stating that Defendant's object's to plaintiff's Request's A, B, C, D, and N to plaintiff request to seek investigative reports, on the basis of the law enforcement investigative reports would threaten the safety and security at the Rushville Treatment & Detention Facility. Counsel for Defendant's refer to a Bates-stamped document 00089-00112, that's not attached to their re= sponse to plaintiff's second request for production of documents. Counsel for Defendant's refuse produce plaintiff's medical records. They are in Defendant's custody, and can be easily obtain through them as stated in Defendant's response to Request J and K of plaintiff's request. Defendant's acknowlegde having video recordings to plaintiff's request M, but object to turn a copy over to the plaintiff, because Defendant's claims that to do so would threaten the safety and security of patients and staff. Defendant's state further that they video recordings available at trial to the extent they exist.

10. Defendant's several objections is without merit, as set forth in plaintiff's accompanying motion to compel the production of documents.

WHEREFORE, the plaintiff request that the Court grant this motion to compel the production of documents.

Date: August 25, 2008

Respecfully Submitted By,
Allen L. Moore

Allen L. Moore
affiant

DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28, U.S.C.A. §1746, 18, U.S.C.A. §1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am the Plaintiff in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

8-25-08

Allen L. Moore

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,

Plaintiff,

v.

THOMAS MONAHAN, et al.

Defendant(s).

Case No. 07-3324

Hon. Judge. HAROLD A. BAKER Presiding.

PROOF OF SERVICE

To: MICHAEL J. LANZDORF,#6286675
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
Phone:(217)782-9056
Fax:(217) 782-8767
E-Mail: mlanzdorf@atg.state.il.us

PLEASE TAKE NOTICE that on April 24,2008., I mailed to the aboved named Counsel for Defendant's, PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, by mailing as said from the address of Rural Route #1, Box 6-A, Rushville, Illinois 62681, to the aboved named Attorney thereof:

Allen L. Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment and Detention Facility
R.R. # 1, Box 6-A
Rushville, Illinois 62681

CERTIFICATE OF SERVICE

The undersigned states and certifies that an exact photocopy of the above mentioned was served upon the above named Counsel for Defendant's at the address stated above, by depositing the same in the United States mail, bearing first class United States Postage, and placed in the United States mail box at the address of R.R. # 1, Box 6-A, Rushville, IL 62681, on the date of April 24,2008.

Allen L. Moore

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ALLEN L.MOORE, Plaintiff, | ) | Case No. 07-3324 |
| -V- | ) | Hon.Judge. Harold A.Baker Presiding. |
| THOMAS MONAHAN, et al., Defendant(s). | ) | |

PROOF OF SERVICE

To: Michael J.Lanzdorf,#6286675
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706

**PLEASE TAKE NOTICE** that on May 22,2008., I mailed to the above named Counsel for DHS Defendant's, **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENT'S**, by mailing as said from the address of Rural Route #1, Box 6-A, Rushville, Illinois 62681, to the above named Attorney thereof.

Allen L.Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment And Detention Facility
R.R. # 1, Box 6-A
Rushville, Illinois 62681

CERTIFICATE OF SERVICE

The undersigned states and certifies that an exact photocopy of the aboved mentioned was served upon the above named at the address stated above, by depositing the same in the United States mail, bearing sufficient first class United States Postage, and placed said in the United States mail box located at the address of R.R. #1, Box 6-A, Rushville, Illinois 62681 on the May 22,2008.

Allen L. Moore

Exhibit C

## Motions

3:07-cv-03324-HAB-CHE Moore v. Monahan et al
PRISONER, REFER

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

### Notice of Electronic Filing

The following transaction was entered by Lanzdorf, Michael on 7/31/2008 at 4:38 PM CDT and filed on 7/31/2008

**Case Name:** Moore v. Monahan et al
**Case Number:** 3:07-cv-3324
**Filer:** Thomas Monahan
Darrell Sanders
Tarry Williams
David Kurfman
Vicki Kokas
Brenda Wilts
Brenda M Leonard
Andrew P Duecker
Clifton R McCalla
James C Clayton
**Document Number:** 42

**Docket Text:**
**MOTION for Extension of Time to Complete Discovery by Defendants James C Clayton, Tarry Williams, Thomas Monahan, Darrell Sanders, David Kurfman, Vicki Kokas, Brenda Wilts, Brenda M Leonard, Andrew P Duecker, Clifton R McCalla. Responses due by 8/18/2008 (Lanzdorf, Michael)**

**3:07-cv-3324 Notice has been electronically mailed to:**

James Constantine Vlahahakis jvlahakis@hinshawlaw.com, jvlahakis@sbcglobal.net

Michael J Lanzdorf mlanzdorf@atg.state.il.us, bmyers@atg.state.il.us, ddesalle@atg.state.il.us, jginter@atg.state.il.us

**3:07-cv-3324 Notice has been delivered by other means to:**

Allen L Moore

Exhibit C

864976
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1, Box 6A
Rushville, IL 62681

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=7/31/2008] [FileNumber=771094-0]
[804757ad2b6e2975927c0d45fe78849645cfb29ce2615754e80d795301d8375f53d4
e2f38694eabf2fae9199379f3c4b318bf506c926aa6d792f9c166aa8f448]]

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIED DIVISION

| | | |
|---|---|---|
| ALLEN L.MOORE, | ) | |
| Plaintiff, | ) | Case No. 07-3324 |
| -v- | ) | Hon.Judge. Harold A.Baker |
| THOMAS MONAHAN, et al., | ) | Presiding. |
| Defendant(s). | ) | |

PROOF OF SERVICE

To: Michael J.Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

To: James C.Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601

PLEASE TAKE NOTICE that on July 1,2008., I did mail to the above named Attorneys for Defendant's, PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENT'S, by mailing as said from the address of Rural Route #1, Box 6-A, Rushville, IL 62681, to the aboved named Attorneys thereof:

Allen L.Moore, Acting Pro-Se
Illinois dept. of Human Services
Treatment and Detention Facility
R.R. #1, Box 6-A
Rushville, IL 62681

CERTIFICATE OF SERVICE

The undersigned states and certifies that an exact photocopy of the above mentioned was served upon the aboved named Counsel for Defendant's at the address stated above, by depositing the same in the United States mail box located at the address of, R.R. #1, Box 6-A, Rushville, Il 62681, on the date of July 1,2008.

Allen L. Moore

Exhibit E.

**Orders on Motions**
3:07-cv-03324-HAB-CHE Moore v. Monahan et al
37, PRISONER, REFER

**U.S. District Court**

**CENTRAL DISTRICT OF ILLINOIS**

**Notice of Electronic Filing**

The following transaction was entered on 8/8/2008 at 1:48 PM CDT and filed on 8/8/2008
**Case Name:** Moore v. Monahan et al
**Case Number:** 3:07-cv-3324
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Text Order: Defendants' motion for extension of time to respond to discovery is granted (d/e 42). Entered by Judge Harold A. Baker on 08/08/2008. (DM, ilcd)**

**3:07-cv-3324 Notice has been electronically mailed to:**

James Constantine Vlahahakis jvlahakis@hinshawlaw.com, jvlahakis@sbcglobal.net

Michael J Lanzdorf mlanzdorf@atg.state.il.us, bmyers@atg.state.il.us, ddesalle@atg.state.il.us, jginter@atg.state.il.us

**3:07-cv-3324 Notice has been delivered by other means to:**

Allen L Moore
864976
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1, Box 6A
Rushville, IL 62681

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ALLEN L. MOORE,
Plaintiff,
v.
THOMAS MONAHAN, et al.,
Defendant(s).

Case No. 07-3324

Hon. Judge. HAROLD A. BAKER
Presiding.

## PROOF OF SERVICE

To: James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601

To: Michael J. Lanzdorf,#6286675
Assistant Attorney General
500 South Second Street
Springfield, IL 62706

I, Allen L. Moore, hereby certify that on 27th day of August,2008, the original and two (2) true copies of Plaintiff's, **MOTION TO COMPEL PRODUCTION OF DOCUMENT'S** were filed by mailing to the Clerk of the United States District Court for the Central District of Illinois, Springfield Division, 600 E. Monroe-Room 151, Springfield, IL 62701, postage pre-paid, and by mailing one (1) copy of the said **MOTION TO COMPEL PRODUCTION OF DOCUMENT'S** to the Defendant's counsel as stated above.

Allen L.Moore, Acting Pro-Se
Illinois Dept. of Human Services
Treatment And Detention Facility
R.R. # 1, Box 6-A
Rushville, IL 62681

## CERTIFICATE OF SERVICE

The undersigned mailed said copy to counsel for Defendant's by placing same in an envelope bearing sufficeint first class U.S. postage, and placed said in the U.S. mail box located at the Rushville, Illinois Treatment and Detention Facility R.R. # 1, Box 6-A, Rushville, IL 62681 on the date of August 27th, 2008.

Allen L. Moore